# Beasley v. The State.

## Indictment for Murder.

1. *Statement by defendant in criminal cases; its nature.*—While the statement made by a defendant in a criminal case is not technically evidence, in the broadest acceptation of the word, it is certainly "in the nature of evidence," is made to the jury for their consideration, and is to be weighed by them, in connection with all the evidence, in determining the issue of guilt or innocence.

2. *Same; may be commented on by counsel.*—It is error for the primary court to refuse to permit the defendant's counsel, in addressing the jury, to comment on such statement.

APPEAL from Madison Circuit Court.
Tried before Hon. H. C. SPEAKE.
The facts are sufficiently stated in the opinion.

L. P. WALKER and R. BETTS, for appellant, cited 1 Greenl. on Ev. Ch. 1, § 1; 1 Starkie on Ev. p. 9; 1 Best on Ev. p. 32, § 33; 2 Hale P. C. 283; 4 Black Com. 359–60; *Queen v. Malings*, 8 Car. & P. 242 (34 Eng. C. L. 371); Con. Art. 1, § 7; *People v. Keenan*, 13 Cal. 581; *Word v. Commonwealth*, 3 Leigh, 743; *Commonwealth v. Porter*, 10 Met. (Mass.) 263.

H. C. TOMPKINS, Attorney-General, for the State. (No brief came to the hands of the reporter.)

BRICKELL, C. J.—The constitution guarantees to every one, charged with the commission of a criminal offense, the right to be heard by himself and counsel. The guaranty did not au-

[Storey v. The State.]

thorïze the accused for himself, and in his own behalf, to make a statement of facts to the jury.—*State v. McCall*, 4 Ala. 643. This privilege is conferred by the statute, approved December 2d, 1882.—Pamph. Acts 1882–3, p. 4. The error now complained of is, that the appellant, charged with the crime of murder, having exercised the privilege, and made before the jury a statement of facts, the court refused to permit his counsel, in addressing the jury, to comment upon the statement. We are of opinion the Circuit Court erred. It is the right of the accused to be heard by counsel on the whole case, on all its facts and circumstances. The statement of the accused, though not under oath, though he is not subject to cross-examination, though he is not, strictly speaking, a witness, and though it may not answer to the technical definition of evidence, in the broadest acceptation of the word, is certainly "in the nature of evidence," is made to the jury, is for their consideration, and is to be weighed by them, in connection with all the evidence, in determining the issue of guilt or innocence.—*Blackburn's case, ante*, p 319; *Chappell's case, ante*, p. 322. It would be lessened in value, if the counsel had not the liberty of discussing and examining it in the light of all the facts; of comparing it with the evidence proceeding from the sworn witnesses; of pointing out its consistency or inconsistency with the evidence; of drawing attention to any explanation made by the accused of circumstances seemingly unfavorable to him. There is nothing in the statute warranting the supposition, that it is not, like any and every other fact and circumstance in the case, the subject of free comment and discussion by counsel. In England a defendant, accused of felony, has been permitted, at the close of the evidence, to give his own account of any relevant facts, though he is not subject to cross-examination; and upon his statement his counsel is allowed to comment, as one of the circumstances of the case.—*Regina v. Malings*, 8 C. & P. 242, cited in note 5, Whart. Cr. Ev. § 427.

The error compels a reversal of the judgment of the Circuit Court, and the cause must be remanded. Let the prisoner remain in custody, until discharged by due course of law.