# Jones *v.* Franklin.

### *Trial of Right of Property to Horse.*

1. *Burden of proof ; outstanding title in third person.*—On the trial of a statutory claim suit, the *onus* is on the plaintiff in execution (or attachment), in the first instance, to make out a *prima facie* case of ownership by the defendant at the time of the levy; and this is done when he shows possession, which is presumptive evidence of title; and such possession being shown, the claimant must show a legal title in himself, and can not set up an outstanding title in a third person.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. JOHN P. HUBBARD.

The horse in question was levied on by the sheriff as the property of J. L. Jones,.the defendant in the cause, to satisfy an execution issued upon a judgment obtained by plaintiff, Franklin, against said J. L. Jones. There was testimony on the trial tending to show that J. L. Jones was in possession of the horse at the time of the levy, and that claimant, F. B. Jones, did not claim to own it then, but that it was at that time the property of Sanford Jones; and that it was not claimed by F. B. Jones to have been his property until after he had sold the horse; which sale occurred some time after the levy and filing of the claim.

To fully understand two of the charges, to which exception is made, it may be added that there was testimony tending to show that Sanford Jones left a sorrel horse in charge of J. L. and F. B. Jones to be disposed of in order to pay a debt; and that he told F. B. Jones he could have the horse if he paid the debt, and that the debt was not paid; that by request of claimant, F. B. Jones, J. L. Jones traded off the sorrel horse for the bay horse in question, with one Matthews, and that by permission of claimant, defendant, J. L. Jones, afterwards rode or drove the horse.

The court gave the following charges :

1. "If J. L. Jones, at the time of the levy, was in possession of the horse, and claiming him as his own, and this

11

was shown to the reasonable satisfaction of the jury, then the plaintiff was entitled to recover, unless the horse was the property of claimant."

2. "If J. L. Jones was in possession, and claiming the horse at the time of the levy, it is immaterial whose the horse in question is, unless the claimant shows the horse was his property at the time the levy was made."

3. "If the jury believe, from the evidence, that John L. Jones traded with Matthews for the horse and took him into possession after that at any time before the levy, claiming title to him, and if they further believe, from the evidence, that the claimant never asserted title to the horse until he sold him after the levy, then they must find for the plaintiff."

The following charge was requested by the claimant and refused by the court:

"The court charges the jury, that although J. L. Jones may have, in point of fact, swapped horses with Matthews, yet if they also believe, from all the evidence, J. L. Jones did not swap for the horse as his own, and that the whole testimony shows he made the swap for F. B. Jones, or by his direction, and that his possession of the horse afterwards was by the permission of F. B. Jones, and that J. L. Jones never owned the horse in question at any time, then the plaintiff can not recover.

GAMBLE & RICHARDSON, for appellant.

SOMERVILLE, J.—Our decisions have settled the following rules as applicable to every trial of the right of property in an issue framed under the statute, between the plaintiff in execution or attachment, and the claimant of the property.—Code, 1876, §§ 3343, 3290.

(1). The *onus* of proof is, in the first instance, on the plaintiff to make out a *prima facie* case that the property levied on is the property of the defendant in execution—he being required by the statute to assume the affirmative of this issue.—Code, 1876, §§ 3342, 3343; *Jackson v. Bain*, 74 Ala. 328.

(2). This *onus* is discharged sufficiently when it is shown by the plaintiff that the defendant in execution was in possession of the property, at the time of the levy, such possession being presumptive evidence of title.—*Jackson v. Bain, supra; Shahan v. Herzberg*, 73 Ala. 59.

(3). When the case assumes this *status*, the claimant is not permitted to show an outstanding title in a stranger, between whom and himself there is no privity, for the pur-

[Guy v. Lee.]

pose of defeating the plaintiff's execution. He must show a legal title in himself, such as would support an action of *detinue* for the property, or else fail in his claim suit—the possession of the defendant, to whose right the plaintiff succeeds, being superior to a want of both title and possession in himself. Unless the satisfaction of the execution is inconsistent with the claimant's rights, it is immaterial to him that a stranger's rights, with whom he has no privity, may be invaded.—*Foster v. Smith*, 16 Ala. 192; *Frow v. Downman*, 11 Ala. 880; *Shahan v. Herzberg*, 73 Ala. 59; *Elliott v. Stocks*, 67 Ala. 290; *Loeb v. Manassas*, 78 Ala. 555; *Block v. Mass*, 65 Ala. 211.

The rulings of the court are consistent with these principles, and the judgment must be affirmed.