# Vaught *v.* Oehmig & Wiehl.

### Trial of Right of Property in Chancery Court.

1. *Burden of proof; possession as evidence of ownership*—On the trial of a statutory claim suit, the *onus* is on the plaintiff in execution, in the first instance, to prove the defendant's ownership of the property at the time of the levy; but this burden being discharged by proof of his possession at that time, which is presumptive evidence of ownership, the *onus* then devolves on the claimant to establish his ownership at that time.

2. *Proof of wife's ownership of property, as against execution creditor of husband.*—When the wife interposes a statutory claim to property on which an execution against her husband has been levied, and which is shown to have been in his possession at the time of the levy, her ownership is not sufficiently established by the testimony of her husband alone, who fails to disclose, in answer to special interrogatories, how, when or from whom she acquired the money with which to make the alleged purchases from himself and others, and whose testimony is in other particulars suspicious, improbable, and unsatisfactory, the wife herself not testifying.

3. *Assessing separate value of property; amendment of judgment.*—On the trial of a statutory claim suit, whether the issue is submitted to a jury or to the court (Code, § 3007), the judgment must show that the
Vol. 95.

[Vaught v. Oehmig & Wiehl.]

alternate value of the several articles of property was assessed; but the failure to do so, when the issue was submitted to the court for decision, and the record clearly shows the alternate value of the property, is an irregularity which this court will correct, and will affirm the judgment as corrected.

APPEAL from the Chancery Court of Jackson.
Heard before the Hon. THOMAS COBBS.

J. E. BROWN, for appellant.

WM. L. MARTIN, contra.

McCLELLAN, J.—This appeal is from a decree of the Chancery Court subjecting certain property to the satisfaction of an execution issued out of that court in favor of Oehmig & Wiehl, and levied thereon as the property of N. W. Vaught, defendant in execution. Mrs. E. J. Vaught interposed a statutory claim to the property, and on this an issue was made up and submitted to the court for decision, resulting in the decree now complained of.

The *onus* which rested on the plaintiffs in execution, to make out in the first instance a *prima facie* case of ownership in the defendant, N. W. Vaught, at the time of the levy, was discharged by proof that the property was then in his possession.—*Jackson v. Bain*, 74 Ala. 328; *Wollner & Lowenstein v. Lehman, Durr & Co.*, 85 Ala. 274; *Jones v. Franklin*, 81 Ala. 161. The burden then shifted to the claimant, Mrs. Vaught, to overcome the *prima facie* presumption of ownership in the defendant, and to prove ownership in herself. This was attempted to be done solely by the testimony of N. W. Vaught, the defendant, who is the husband of the claimant. Mrs. Vaught was not examined at all.

We concur with the chancellor that the evidence adduced is insufficient to support the claim. As to a part of the property it is, in effect, that the defendant sold it to his wife for cash paid at the time; and yet he swears, soon after this alleged sale and receipt of the purchase-money by him, that he had nothing whatever except his wearing-apparel. As to another part of the property, he says his wife purchased it from several named persons, and took receipts for the purchase-money, which is itself a rather unusual and suspicious circumstance, somewhat intensified here by the fact that these several receipts are attached as exhibits to his deposition without being called for by the interrogatories; but he fails to state, in answer to a specific question, who paid the money on these several purchases,

[Vaught v. Oehmig & Wiehl.]

thus opening his evidence to the construction that he himself paid it. Yet other items of the property, he swears, were acquired by his wife in exchange for other property owned by her. But this evidence wholly fails to disclose the sources from which Mrs. Vaught came by the means with which to purchase the property levied on, or property exchanged for some of that levied on, or other property which he says she owned, or that she ever in fact, at any time, had the money with which to purchase the property which he says now belongs to her. And this omission was not due to an absence of effort on his part to show her pecuniary ability to acquire the property. On the contrary, his attention was specially invited to that matter, and he was, on cross-examination, particularly interrogated in regard to it. His answers to these questions disclose that his wife had only $75.00 at the time of their marriage ; that he had given her since then only about $400.00, and that she now claims to own property worth about $2,000. Nothing is said as to any investment or use of the $475, from which profits had swelled it to the much larger equivalent of this property. This failure to show Mrs. Vaught's ability to buy and own the property, taken in connection with the failure to examine the claimant herself, who presumably could have put this matter in a clear light, if in fact she had purchased it; the admitted insolvency of the defendant; the fact that all the property levied on was, and had all along been, in his possession and use, and the unusual and suspicious particularity as to the receipts before referred to, force us to the conclusion that the claimant has failed to discharge the burden resting on her to establish her ownership of the property she claims.

The decree, however, fails to assess the alternate value of the property involved. The record before us clearly shows the value of the property levied on as follows : 1 wagon, $50.00 ; 1 spring-wagon, $60.00 ; 1 buggy, $40.00 ; 2 sets buggy-harness, $15.00 ; 2 saddles, $12.00 ; 1 small bay horse name Bob, $60.00 ; bay horse "Tom," $50.00 ; large bay horse "Dexter," $25.00 ; black horse Jim, $50.00 ; black horse "Texas," $50.00 ; and 1 horse named "Old Charley," $30 ; and a decree will be here entered for the alternate value of the several items of property accordingly. As thus modified, the decree is affirmed.