# Eldridge *v.* Grice.

### *Statutory Trial of the Right of Property.*

[Decided June 28, 1902.]

1. *Claim suit; when claimant estopped to deny proper levy.*—When in making out an affidavit preparatory to interposing a claim to property levied upon, the claimant avers in said affidavit that the property was duly levied upon, he thereby estops himself to subsequently deny a proper levy.

2. *Same; what necessary to authorize claimant's recovery.*—In the trial of the right of property, a claimant must recover on the strength of his own title; and he is not entitled to recover when he shows no title in himself, but a title paramount to that of defendant in execution or of the plaintiff in a third person who is a stranger to the proceedings.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JOHN P. HUBBARD.

The appellee, John Grice, recovered a judgment against W. T. Eldridge and C. B. Searcy. On this

judgment execution was issued and levied upon a bale of cotton. Thereupon the claimant, Mary W. Eldridge, the wife of the defendant in execution, interposed a claim to said cotton so levied upon; and upon the interposition of this claim, trial was had upon issue joined to determine the right to the property so levied upon. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the plaintiff gave the general affirmative charge in his behalf. The claimant excepted to the giving of this charge, and also excepted to the court's refusal to give the general affirmative charge requested by her.

There were verdict and judgment for the plaintiff. Claimant appeals, and assigns as error the rulings of the court upon the charges asked.

P. A. McDaniel, for appellant, cited *Jackson v. Bain*, 74 Ala. 328; *Schmagel v. Whitehurst*, 103 Ala. 260; *Smart Bros. v. Hodges*, 105 Ala. 634; *S. & W. R. R. Co. v. Jarvis*, 95 Ala. 149; *Bromley v. Bir. Min. R. R. Co.*, 95 Ala. 397.

W. O. Lang, contra, cited *Schmagel v. Whitehurst*, 103 Ala. 263; *Seisel & Co. v. Folmar & Son*, 103 Ala. 491; *Boswell v. Carlisle*, 55 Ala. 565; *Johnson v. State*, 100 Ala, 57; *Bienville W. S. Co. v. Mobile*, 125 Ala. 178; *Seymour v. Farquhar*, 93 Ala. 292.

HARALSON, J.—This was a suit for the trial of the right of property under the statute.

That the property had been duly levied on is shown by the affidavit for claimant and her claim bond, which estop her to deny a proper levy.—*Schamagel v. Whitehurst*, 103 Ala. 260.

The plaintiff introduced the constable, who testified that on 15th September, 1900, he levied an execution

from a justice's court in the county of Henry issued on a judgment therein, in favor of the plaintiff, against the defendant, N. T. Eldridge, and one C. B. Searcy, on the bale of cotton involved in this suit; that at the time of the levy, said cotton was stored in a warehouse in Abbeville, in the name of defendant, Eldridge, to whom a warehouse receipt had issued for the same. Other evidence tended to show that he was in possession of the property.

It is well settled, that in a statutory trial of the right of property, the burden of proof is on the plaintiff, in the first instance, to make out a *prima facie* case that the property levied on is the property of defendant in execution, which burden is discharged when he shows that the defendant was in possession of the property, at the time of the levy, such possession being presumptive evidence of title. The burden then shifts to claimant to overcome this *prima facie* presumption of ownership in defendant, and to prove ownership in himself. *Jones v. Franklin,* 81 Ala. 161; *Jackson v. Bain,* 74 Ala. 328; *Vaught v. Oehmig,* 95 Ala. 306.

Another controlling principle is, that the claimant must recover on the strength of his own title, and not on the want or weakness of title in the defendant in execution, nor can he show, to support his claim, a title paramount to that of defendant in a third person a stranger to the proceeding. Formerly the claimant, as was held, "must show a legal title in himself, such as will support an action of detinue for the property, or else fail in his claim suit—the possession of defendant, to whose right the plaintiff succeeds, being superior to a want of both title and possession in himself." *Jones v. Franklin, supra; Leisel v. Folmar,* 103 Ala. 494.

It may be well to add, that under the present statute (Code, § 4141), that any one not a party to the suit, who claims to own an equitable, or a paramount lien etc., may institute a claim suit to try his right to it at law, as though he had the legal title.

The proof on the part of the claimant tended to show, that the cotton was raised by her. One Murphy

testified for her, that he rented a farm and advanced to her money and supplies with which to make a crop on the rented land in 1900, and she made a crop; that the bale of cotton claimed in this case was raised by claimant and was a part of the crop raised by her in 1900 on said rented premises, and that the cotton in question was claimant's; that in the early part of the season, he went to claimant's house and bought nine bales of her cotton at a price then agreed upon between her and himself, said cotton to be delivered to him along as claimant got it ready for market, the proceeds when delivered to be placed to claimant's credit for supplies furnished that year; that some days later, he instructed claimant, that as she got the nine bales of cotton ready for delivery, to carry it to Abbeville and to either sell it and place the proceeds in the bank to witness' credit, or, if the market was not satisfactory, to place the cotton in the warehouse and send witness the warehouse receipt for the same; "that to the time of this bale, claimant had delivered to witness two of said nine bales of cotton, and this was the third bale; * * * that the husband of claimant (said N. T. Eldridge), brought this bale of cotton to his house to him, as one of the (nine) bales he had bought (from claimant), and he, witness, told the husband to carry it to Abbeville and store it in a warehouse for him, or sell it and deposit the proceeds to his, witness' credit in bank."

The defendant in execution, N. T. Eldridge, testified, "that claimant, who is his wife, told him on his leaving home with the bale of cotton, to carry and deliver it to Mr. Murphy, as one of the bales he had bought from her, he having bought nine bales, and to do what Mr. Murphy told him to do with it, and that he carried and delivered it to Murphy, and he told him to carry it and store it in the warehouse for him, or to sell it and deposit the proceeds in bank to his credit."

If these two witnesses, examined by the claimant, are to be believed, and there is no evidence in conflict with theirs, this cotton was raised by and belonged to the claimant, and was afterwards sold and delivered by her to said Murphy, who, after its delivery to him, intrusted

[Jellerson v. Pettus *et al.*]

it to claimant's husband, the defendant in execution, to carry it to Abbeville and warehouse it for him and in his name, or sell it for him and place the proceeds to his, Murphy's credit in bank. According to this evidence, Murphy became the owner of the cotton, the title having vested in him by reason of his purchase of the same from claimant and her delivery of it to him.

The claimant, thereafter, had no title to the cotton, and, therefore, no right to maintain this claim suit by proving title in Murphy. If defendant in execution abused Murphy's trust, as the evidence tends to show he did, that did not affect the status of the case, as between plaintiff and defendant, who was in possession of the property at the time of the levy of the execution.

Affirmed.