# Southern Cotton Oil Co. *et al. v.* Harris

## *Trespass to Chattels.*

Decided January 18, 1912. Rehearing denied February 15, 1912.
57 South. 854.)

1. *Trespass; Plea; Uncertainty.*—As a defense to an action of trespass for wrongfully taking a stock of goods, plea 3 examined and held insufficient as being confusing in effect, and for failure to describe with sufficient certainty the action set up in justification; such plea was also insufficient for failing to show that the writ of attachment set out therein was ever returned.

2. *Same; Justification.*—As an answer to an action of trespass for wrongfully taking a stock of goods, a plea attempting to show that the goods were taken under an attachment and sold to satisfy a judgment entered in favor of defendant is insufficient where it neither shows under what process the property was sold, nor whether there was any order or process authorizing the sheriff to sell the same, nor that any process was ever returned into court.

.3. *Same.*—An atachment will not sustain a plea of justification under process in trespass for the wrongful taking of the goods, where the record of the proceedings under which the justification is claimed shows that the levy was quashed under claim of exemption.

4. *Same; Evidence.*—Where the defendant justified on the ground of a fraudulent sale to plaintiff, and an attachment, and plaintiff was in busines for himself, whether he received any part of his stock from his wife was immaterial as not tending to show that he was without means to purchase the stock alleged to have been wrongfully taken.

5. *Same; Identification of Subject-Matter; Instruction.*—Where the action was in trespass for the wrongful taking of a stock of goods, a charge asserting that if the jury believe that at the time plaintiff purchased the goods, the subject of, this suit, one R. owed him a bona fide debt in satisfaction of which plaintiff purchased said stock of goods, they should find for plaintiff sufficiently shows that the goods were those purchased by plaintiff from R., especially where the whole subject of the litigation was as to the validity of that sale, even though defendants claimed that all of plaintiff's goods were liable to the levy of the attachment, by reason of a wrongful intermingling.

6. *Appeal and Error; Harmless Error; Pleading.*—Where defendant got the benefit, under other pleas, of the facts alleged in the plea to which demurrer was sustained, the sustaining of such demurrer was harmless.

7. *Same; Evidence.*—It is harmless error to permit the introduction of evidence immaterial to the issues, as a general rule.

8. *Same.*—Where the witness answers that he did not know, any error in permitting the question was harmless.

9. *Same; Plea; Effect of Evidence.*—The court on appeal cannot look to a plea in determining the correctness of the action of the trial court on the evidence, where such plea was not filed until after such evidence had been offered and rejected.

10. *Fraud; Pleading; 'Necessity.*—The rule is that facts constituting the fraud must be alleged with particularity, and where the pleader undertakes to state the facts, they must show fraud; but where the issue at law is as to the title to real or personal property under a claim that the title of one of the parties was obtained by fraud, the facts constituting the fraud need not be alleged with the same particularity required by a bill in chancery to cancel such a conveyance.

11. *Fraudulent Conveyance; Defenses; Pleas.*—Under the provisions of section 4293, Code 1907, a mere attempt to sell and convey a stock of goods, and their consequent removal to the storehouse of the purchaser, and intermingling with other goods, is not fraudulent and will not avoid the sale.

12. *Same; Insolvency of Transferrer.*—A debtor may prefer a creditor and sell his property to him for a fair consideration in payment of an existing debt, though he is insolvent, and that fact be known to the purchaser; hence, in trespass for the taking of a stock of goods, justified upon the ground of a fraudulent sale, and an attachment, questions as to the insolvency of the seller and as to his informing the purchaser thereof, are immaterial, and properly excluded.

13. *Trial; Order of Proof.*—Where the action was for trespass for taking a stock of goods, a statement by defendant's counsel that he proposed to show that the plaintiff married stock of goods, and continued in business, was properly excluded as unintelligible.

14. *Charge of Court; Assumption of Fact.*—Where there was no conflict in the evidence as to the fact of the purchase, the only question being as to its validity, a charge is not rendered improper in assuming that the goods had been purchased, especially where it based a finding of that fact as one of its hypotheses.

APPEAL from Blount Circuit Court.

Heard before Hon. J. T. BLACKWOOD.

Action by W. A. Harris against the Southern Cotton Oil Company and others. From a judgment for plaintiff, defendants appeal. Affirmed.

The action was for wrongfully taking a stock of goods, wares, and merchandise of the plaintiff, located at the storehouse of the plaintiff at Gum Springs, in Blount county, Ala. The following are the pleas discussed in the opinion: (3) "For further answer to

said complaint the defendants say that on the 3d day of January, 1908, the defendant the Southern Cotton Oil company instituted suit in the circuit court of Blount county, Ala., for the sum of $800, evidenced by a note executed by said J. W. Ratliffe, and payable to said Southern Cotton Oil Company, and in aid of said suit said Southern Cotton Oil Company sued out an attachment out of said circuit court and placed same in the hands of the defendant W. E. Graves, as sheriff of Blount county, Ala., and was by him levied upon the property mentioned in said complaint as the property of said J. W. Ratliffe; and plaintiff alleges that said property was, at the time of the levy of said writ of attachment, the property of said J. W. Ratliffe, and that the said plaintiff had no title thereto as against the plaintiff in said attachment." (4) "For further answer to said complaint defendants say that on the 3d day of January, 1908, the defendant the Southern Cotton Oil Company instituted suit in the circuit court of Blount county, Ala., against one J. W. Ratliffe, upon a note executed by said Ratliffe to said Southern Cotton Oil Company for the sum of $800, and in aid of said suit procured an attachment to be issued by the clerk of said circuit court, which said writ of attachment was levied by the sheriff of Blount county upon the property mentioned in the complaint as the property of said Ratliffe, for the satisfaction of the debt, the foundation of the said suit, and said property was sold by the said W. E. Graves, as the sheriff of Blount county, and the proceeds thereof applied to the satisfaction of the judgment rendered in said court in said suit in favor of the said Southern Cotton Oil Company, and against the said J. W. Ratliffe; and defendants allege that for some time prior to the levy of said attachment, and up to within a few days before said levy,

the said J. W. Ratliffe was engaged in the mercantile business in said county, and within a few days before said levy attempted to sell and convey the stock of goods belonging to said Ratliffe to the plaintiff in this case, and the said stock of goods was removed from the storehouse of said Ratliffe to the storehouse of the plaintiff, and there intermingled with other goods in the storehouse of plaintiff for the purpose of destroying their identity, and for the purpose of hindering, delaying, or defrauding the creditors of said Ratliffe; and defendants allege that said attempted sale was void, and passed no title to said property to the said W. A. Harris as against the creditors of the said Ratliffe."

The demurrers were that the plea fails to describe the suit upon which said writ of attachment was issued, fails to show that the writ of attachment was ever returned into court, fails to show that said property was in any way subject to said writ of attachment, fails to describe the process under which said goods were sold with sufficient certainty, purports to be a plea setting up justification under legal process against Ratliffe, and undertakes to allege a fraudulent transfer, without stating facts constituting such a fraud.

Plea 8 was filed on August 15, 1911, during the trial of the cause, and is as follows: "Defendant says that, shortly before the levy of the writ of attachment heretofore mentioned in pleas of defendant, Warren Ratliffe, for the purpose of hindering, delaying, or defrauding the defendant, who was at that time a creditor of said Ratliffe, with knowledge on the part of plaintiff, transferred to plaintiff a certain stock of goods upon which said writ of attachment was levied, and that the plaintiff in this cause well knew all these facts, and for the purpose of aiding and assisting the said Ratliffe in perpetrating said fraud on the defendant Southern Cotton

Oil Company received said goods, and intermingled the same with a certain stock of goods belonging to the plaintiff, and claimed all of said goods as the property of the plaintiff."

In his oral charge to the jury the court said the attachment issued January 3, 1908, is insufficient to sustain the defendant's plea of justification under process, for the reason that it was levied upon the property which had been claimed as exempt by Ratliffe by a claim of exemptions filed in the office of the judge of probate. Therefore the levy in the first instance was wrongful, and constituted a trespass, if nothing else appeared.

The following is charge 1, given at the request of the plaintiff: "If the jury believe from the evidence in this case that at the time plaintiff purchased the goods, the subject of this suit, Warren Ratliffe owed him a bona fide debt of about $1,000, and that plaintiff purchased said stock of goods from the said Ratliffe in satisfaction of said indebtedness, and that the amount of said indebtedness was a fair and adequate price for said goods, and that under said sale the said Ratliffe was to receive no benefit from said transaction, except the cancellation of said indebtedness, then your verdict must be for the plaintiff for the value of the goods at the time of the taking, with interest to date." The disputed question seems to be whether or not the stock of goods levied upon was that purchased by Harris from Ratliffe, and as to Ratliffe's solvency at the time, and Harris' knowledge thereof, and as to whether Harris was attempting to assist Ratliffe in covering up, or whether his purchase was for a bona fide debt owing him by Ratliffe. The other facts sufficiently appear in the opinion of the court.

F. E. St. John, and Steiner, Crum & Weil, for appellant. The court erred in sustaining demurrer to plea 3 and 4.—*Gallespie v. McClesky*, 160 Ala. 289. The court erred in excluding evidence that the stock of goods originally belonged to appellee's wife, and that the goods obtained from Ratliffe, were carried and intermingled with them.—*Nelms v. Steiner*, 113 Ala. 562; 14 A. & E. Enc. of Law, 505; 20 Cyc. 777. Evidence touching the financial ability of the grantee was also admissible on the question of fraud.—*Boyland v. Mayo*, 8 Ala. 104; *Axlebaum v. Bell*, 91 Ala. 331; *Thompson v. Tower M. Co.*, 104 Ala. 140. Any evidence tending to show that grantee knew of grantor's indebtedness or insolvency at the time of the conveyance, was admissible.—20 Cyc. 780. The court erred in permitting the sheriff to state whether he gave notice of the second levy.—*Armstead v. Thompson*, 91 Ala. 130. On the same authority the court erred in its oral charge in stating that the attachment did not support the plea of justification.

Ward & Weaver, for appellee. The lower court did not err in sustaining appellee's demurrer to appellant's plea numbered 3.—*Daniel v. Hardwick*, 7 South. Rep. 188; *Womack v. Bird*, 63 Ala. 500; *Olmstead v. Thompson et als.*, 8 South. Rep., 755. But if the trial court did err in sustaining the demurrer to plea numbered 3, it was error without injury as the defendants had the full benefit of the defense under defendants' pleas numbered 5, 6, and 7.—*Martin v. Butler*, 20 South. Rep., 352. Any error in sustaining objection to a question is cured by the court subsequently allowing the witness to testify to substantially the same matter.—*Guarino v. State*, 157 Ala. 17; *B. R., L. & P. Co. v. King*, 149 Ala. 504. The lower court did not err in

sustaining appellee's demurrer to appellants' plea numbered 4.—Authorities supra; *Phoenix Co. v. Moog,* 78 Ala. 284. The lower court will not be reversed where the error complained of is harmless or where the record does not show that injury resulted to apellant because of the ruling.—*So. Ry. Co. v. Cunningham,* 152 Ala. 147. The appellants' twentieth assignment of error is untenable.—*Brown v. Johnson Bros.,* 135 Ala. 608.

SIMPSON, J.—This action is in trespass, by the appellee against the appellants, for wrongfully taking a stock of goods, wares, and merchandise.

Plea 3, besides being confusing in alleging that the "plaintiff" alleges the property to be the property of J. W. Ratliffe, is subject to the grounds of demurrer that it does not describe the suit, etc., with sufficient certainty (not stating against whom the suit was), and fails to show that the writ of attachment was ever returned into court.—*Olmstead v. Thompson,* 91 Ala. 130, 8 South. 755; *Daniel v. Hardwick,* 88 Ala. 557, 7 South. 188; *Womack v. Bird,* 63 Ala. 500.

Moreover, the defendants had the benefit of the facts attempted to be set up in said plea by pleas 5, 6, and 7. There was no reversible error in sustaining the demurrer to said third plea.

The demurrer to plea 4 was properly sustained. Said plea does not show under what process the property was sold, nor whether there was any order or process authorizing him to sell the same, nor that any process was returned into court.

It also undertakes to state the facts constituting the fraud, and the facts stated do not show fraud. While, in a case at law, in which the issue is as to the title to real or personal property, one party claiming

that his title is superior to that of the other because the other's was acquired under a fraudulent conveyance, it is not necessary to allege in the pleadings the facts constituting the fraud with the same degree of particularity that is requisite in a bill in chancery to cancel a conveyance, this being a matter of proof on the issue of title vel non (*Pollak v. Searcy*, 84 Ala. 259, 261, et seq., 4 South. 137; *Moore, Marsh & Co. v. Penn & Co.,* 95 Ala. 200, 202, 10 South. 343; *Montgomery, Dryer & Co. v. Bayliss*, 96 Ala. 342, 11 South. 198; *Teague, Barnett & Co. v. Bass*, 131 Ala. 422, 426, 31 South. 4; *Gunn v. Hardy, et al.,* 130 Ala. 642, 652, 31 South. 443; *Reed v. Smith*, 14 Ala. 380; *Gilliland v. Fenn*, 90 Ala. 230, 8 South. 15, 9 L. R. A. 413; *High et al. v. Nelms,* 14 Ala. 350, 48 Am. Dec. 103; *Mason v. Vestal*, 88 Cal. 396, 26 Pac. 213, 22 Am. St. Rep. 310; Code, § 4293), yet, when the pleader undertakes to state the facts, the facts must show fraud.—3 Mayfl. Dig. p. 886, and cases cited.

There is nothing in the case of *Gillespie v. McClesky,* 160 Ala. 289, 49 South. 362, in conflict with this statement. In that case the plaintiff was claiming under a mortgage, fraudulent on its face—the pleadings are not all set out—and, after discussing the. points on pleadings and charges, the court merely states that "there is another principle, which is brought out by some of the pleadings," which is conclusive of the general proposition that the plaintiff could not recover in any event. The court did not discuss at all what was a necessary averment on that issue.

There was no error in the action of the court in regard to the statement by counsel for defendants that he "proposed to show that Mr. Harris married stock of goods and continued in business." The question is unintelligible. It was probably intended to bring out the facts treated of in subsequent questions.

[Southern Cotton Oil Co. et al. v. Harris.]

The subsequent questions as to whether the witness' wife had a stock of goods when he married her, and whether he started business on that stock of goods, were objected to, and the objections sustained. In this there was no error. It is not disputed that the witness was in business himself, and as to whether he got the goods from his wife to start business on was a question between him and his wife, and had no bearing on the questions as to whether he had purchased the goods in question from Ratliffe. The fact that he got a stock of goods from his wife has no tendency to show that he had no means.

There was no error in sustaining the objections to the questions to the witness, Ratliffe, as to his insolvency and as to his informing the plaintiff of his condition. It has long been the law of this state that a debtor has a right to prefer one creditor, and that though he be insolvent, and though that fact be known to the purchaser, he may sell his property for a fair consideration to his creditor, in payment of an existing debt. Consequently the matters were irrelevant in this case.— *Crawford et al. v. Kirksey et al.*, 55 Ala. 282, 293, 28 Am. Rep. 704; *Danner & Co. v. Brewer & Co.*, 69 Ala. 200; *Spira v. Hornthall, W. & W. Co.*, 77 Ala. 145; *Tryon et. al. v. Flournoy & Epping et al.*, 80 Ala. 325; *Carter Bros. & Co. v. Coleman et al.*, 84 Ala. 258, 4 South. 151.

Plea 8 was not filed until after this testimony was offered, and, without deciding whether that plea raised any issue, it cannot be looked to in determining the correctness of the court's action in this particular.

As to the overruling of the objection to the question to the witness Graves (the sheriff), as to whether he had given the plaintiff notice of the second levy, there was no reversible error. The matter was immaterial

to the issues in this case, and, at any rate, the answer was that the witness did not know.—*Brown v. Johnston Bros.*, 135 Ala. 609, 613, 33 South. 683.

There was no reversible error in that part of the court's oral charge to the effect that the attachment issued January 3, 1908, was not sufficient to sustain the defendant's plea of justification under process. The record of the proceedings, under which the justification is claimed, shows that the levy was quashed under claim of exemptions, and it is difficult to see how such a record could support the claim that the property was subject to the levy.—*Daniel v. Hardwick,* 88 Ala. 557, 7 South. 188.

While charge 1, given at the request of the plaintiff, possibly might have been expressed with more strict accuracy, yet the words, "the goods the subject of this suit," evidently refer to the goods purchased from Ratliffe by Harris, as the whole subject of the litigation is as to the validity of that purchase, although the defendants do claim that the whole stock of goods in the store is liable to the levy by reason of the purchased goods having been mingled with the others. As to assuming the fact that the goods had been purchased, there is no conflict in the evidence on that subject. All the witnesses who testify on that subject agree that they were purchased, the only question being whether the purchase was valid. Also the subsequent part of the charge requires the jury to find "that plaintiff purchased said stock of goods," etc.

The judgment of the court is affirmed.

Affirmed. All the Justices concur, save DOWDELL, C. J., not sitting.