(118 So. 656)

ROBERTS et al. v. KEMP.    (6 Div. 849.)

Supreme Court of Alabama.   Nov. 15, 1928.

Aird & Aird and Erle Pettus, all of Birmingham, for appellants.

Horace C. Wilkinson, of Birmingham, for appellee.

GARDNER, J. Appellee, administratrix of the estate of her husband, M. W. Kemp, instituted this suit against appellants, Julia Roberts and her husband, Cecil Roberts, for the recovery of damages for the death of said M. W. Kemp, who was killed by an automobile being operated at the time by Julia Roberts.

There were two counts of the complaint; the first being in simple negligence, and the second a wanton count. The cause was tried upon issue joined upon these counts, and plea 2, as one of contributory negligence as to count 1, and, as we understand the record, also plea A, which appears to be a plea of contributory negligence as to both counts, limited, however, in its averment as to negligence on the part of plaintiff's intestate in suddenly stepping in front of the automobile. There was verdict for the plaintiff, and from the judgment following the defendants have prosecuted this appeal.

As we read and construe the record, at the conclusion of the oral charge of the court, plaintiff offered an amendment to count 2, which sought to rest liability upon defendant Cecil Roberts upon the principle of respondeat superior, to the effect that Julia Roberts, the driver of the car, was his agent, acting within the line and scope of her authority. We find no objection interposed to the filing of this amendment, but defendants reserved exception to the refusal of the court to continue the cause or to pass the same to next day, that they may have opportunity to meet the issue then presented as to count 2. Appellants insist the issue of agency vel non had not been in the cause previously, and that such amendment, injecting a new issue, entitled defendants to have time to rebut the same. But the question of agency was involved in the case from its inception in count 1 (Bessemer Coal, Iron & Land Co. v. Doak, 152 Ala. 166, 44 So. 627, 12 L. R. A. [N. S.] 389), and the proof presented a prima facie case of agency, in that it established without dispute that the car which was being driven by Julia Roberts was owned by Cecil Roberts (Freeman v. So. Life Ins. Co., 210 Ala. 459, 98 So. 461; Ford v. Hankins, 209 Ala. 202, 96 So. 349).

Count 2, as originally framed, was in trespass, requiring proof of actual participation in the wrongful act on the part of both defendants (Bessemer Coal Co. v. Doak, supra); and, confessedly, the amendment rendered the count demurrable for misjoinder of causes of action (Interstate Co. v. Duke, 183 Ala. 484, 62 So. 845). But, as no demurrer was interposed thereto, that question is not here presented. From the undisputed proof, Cecil Roberts was not present, and to meet the proof the amendment was offered. There was no occasion for a continuance of the cause, and the question of passing the case to the next day was a matter resting in the sound discretion of the trial court. Section 9513, Code of 1923. We find no abuse of this discretion, and no reversible error here appears.

Following the motion for a continuance, and (failing in that) for the case to be passed to the next day, defendants offered a motion to strike, containing the following grounds: (1) The amendment comes too late. (2) The amendment introduces new and additional issues in the cause. (3) Defendants have had no opportunity to present evidence covering the amended complaint. What has been said above will suffice, as disclosing our conclusion that no reversible error appears in the action of the court in denying this motion.

The bill of exceptions fails to show that it contains all the evidence, and the refusals of the affirmative charges, requested by defendants separately, are not here reviewable. Postal Tel. Co. v. Hulsey, 115 Ala. 193, 22 So. 854; Middlebrooks v. Sanders, 180 Ala. 407, 61 So. 898. We may add, however, with due propriety, the evidence that does appear in the bill of exceptions is supportive of each count of the complaint.

Special pleas B to G, to which demurrers were sustained, related to defense of contributory negligence; but a consideration of the ruling on these pleas is unnecessary in view of the fact the defendants received the full benefit of any defense of contributory negligence under plea 2, which set up contributory negligence in general terms, and under which defendants were given ample opportunity as to proof in that regard.

Charge 12, refused to defendants, sought to apply the doctrine of contributory

352

negligence in a general way to count 2 of the complaint, a wanton count. It is well established that contributory negligence is not a defense to such a count. Louisville & N. R. R. Co. v. Orr, 121 Ala. 489, 26 So. 35. Nor can this charge be sustained upon the theory that issue was voluntarily taken upon plea A, hereinbefore referred to, as that plea was limited to one phase only of contributory negligence, while the charge treated the question in a general way. Pretermitting other considerations, there was no error in the refusal of this charge.

As to that portion of the oral charge excepted to which forms the basis of the sixteenth assignment of error, the argument is advanced that this language is objectionable as omitting any reference to agency so far as affects defendant Cecil Roberts. But this could in no event prejudicially affect defendant Julia Roberts. The appeal is joint, and likewise the assignments of error. "Joint assignments of error by all the appellants, as to errors prejudicial only to some of them, are not available to reverse, and will not be considered on appeal." Mobile Temperance Hall Association v. Holmes, 195 Ala. 437, 70 So. 640. See, also, Kimbrell v. Rogers, 90 Ala. 339, 7 So. 241; Chavers v. Mayo, 202 Ala. 128, 79 So. 594.

Appellants' suggestion that the motion for a new trial should have been granted, for the reason the record shows, after the amendment of count 2, no additional instructions, either oral or written, were given to the jury, is clearly without merit. The only further reference to the motion is the statement: "The verdict was excessive." This does not rise to the dignity of an argument or insistence upon this ground, and therefore needs no further consideration here, and may be disregarded. Republic Iron & Steel Co. v. Quinton, 194 Ala. 126, 69 So. 604.

We have considered the several matters presented in brief of counsel for appellant, and find no error to reverse. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.