143 So. 557

### ITALIAN ART EXHIBIT COMMITTEE et al. v. ROMEO.

6 Div. 183.

Supreme Court of Alabama.

Oct. 6, 1932.

J. Reese Murray, of Birmingham, for appellants.

Parsons & Cowherd, of Birmingham, for appellee.

BOULDIN, J.

The appellee sued the appellants, individually, and as members of the Italian Art Exhibit Committee, upon the common counts, and a special count on contract, for the recovery of a sum claimed to be due for services rendered. The Italian Art Exhibit Committee, of which defendants were members, were putting on a pageant in Birmingham in promotion of an Italian Art Exhibit. Plaintiff was employed to furnish band music for the pageant. Without dispute it was agreed that he should be paid $135 for furnishing music for the pageant and one dress rehearsal, which sum was paid. Plaintiff sues for an additional sum of $290, claimed to be due for furnishing music at several extra rehearsals at the rate of $27 per hour. The trial court gave judgment for $265. The sufficiency of the evidence to sustain this judgment is the substantial question here presented.

The evidence fully sustains a finding that defendant Wheeler, a member of the committee, did agree to pay the sum claimed for extra rehearsals, that he authorized the director of the pageant to use the band in as many rehearsals as desired, and that music was furnished as claimed. There was no error in rendering judgment as to him. The chief argument is directed to Wheeler's authority to bind the other members of the committee for this further obligation, and the question of ratification of his action by his associates. These questions are not presented for review. The appeal was taken jointly by all the defendants and there is a joint assignment of errors only.

By long-settled rules a joint assignment of errors is unavailing unless the errors are injurious to all who join therein. Roberts v. Kemp, 218 Ala. 350, 352, 118 So. 656; Chavers v. Mayo, 202 Ala. 128, 130, 79 So. 594; Hall v. First Bank of Crossville, 196 Ala. 627, 72 So. 171; Mobile Temperance Hall Ass'n v. Holmes, 195 Ala. 437, 70 So. 640.

The demand presented by the evidence was clearly recoverable under the common counts. Overruling the demurrer to the count on contract, questioning the sufficiency of the count for failure to allege whether the contract was verbal or in writing, if error, was without injury.

Affirmed.

ANDERSON, C. J., and GARDNER, and FOSTER, JJ., concur.