**BALLARD et al. v. BAKER.**

**7 Div. 178.**

Supreme Court of Alabama.

May 25, 1933.

Rehearing Denied June 22, 1933.

David C. Byrd, of Gadsden, for appellants.

McCord & McCord, of Gadsden, for appellee.

BROWN, Justice.

The motion to expunge the judgment entry from the minutes of the court was filed after the judgment was entered and appeal taken therefrom; therefore, the ruling on the motion is not reviewable on this appeal, and the assignment predicated thereon will be disregarded. Ex parte Gay (Sovereign Camp, W. O. W., v. Gay), 213 Ala. 5, 104 So. 898.

The trial was by the court sitting without a jury, and while no formal pleadings appear in the record, it appears the issue tried involved the bona fides of the transfers made by the defendant in execution to his wife and son. The plaintiff made a prima facie case when he offered evidence showing that the property levied on was in the possession and control of the defendant. Jones v. Franklin, 81 Ala. 161, 1 So. 199; Jackson v. Bain, 74 Ala. 328; Vaught v. Oehmig & Wiehl, 95 Ala. 306, 11 So. 416; Eldridge v. Grice, 132 Ala. 667, 32 So. 683.

If it be conceded that the question put to the witness Ira C. Ballard, Jr., on cross-examination—the predicate for assignment of error 2—was objectionable as calling for the conclusion of the witness, this ground of objection was not assigned, and those assigned were not well taken and were properly overruled. Steiner Bros. & Co. v. Tranum, 98 Ala. 315, 13 So. 365; McDaniel v. State, 97 Ala. 14, 12 So. 241. Moreover, the witness gave a negative answer and no injury resulted to the appellants.

On the issue of the bona fides of the transfers, it was permissible for the plaintiff to show that the transfers involved all the personal property owned by the defendant in execution, and that his real estate was covered by mortgages. It was also permissible for the plaintiff to show that the debt merged into the judgment on which the execution was issued, antedated the transfers, and the time of filing the suit.

We cannot affirm that the judgment and conclusion of the court are not supported by the evidence.

There is another reason, however, why the judgment must be affirmed. The trial involved the claims of two separate claimants to separate and distinct parts of the property levied on. There is a joint appeal and a joint assignment of errors, and the case was submitted without leave to sever in the assignment of errors. Roberts v. Kemp, 218 Ala. 350, 118 So. 656; Futvoye v. Chuites, 224 Ala. 458, 140 So. 432; Stacey v. Taliaferro, 224 Ala. 488, 140 So. 748.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.