194 So. 805

**KELLETT et al. v. COCHRAN.**

7 Div. 564.

Supreme Court of Alabama.

March 7, 1940.

Rehearing Denied April 4, 1940.

Scott & Dawson and C. A. Wolfes, all of Fort Payne, for appellants.

Rains & Rains, of Gadsden, for appellee.

ANDERSON, Chief Justice.

This case involves the contest of the will of the late Mrs. Grace Cochran Henley, which said will having been proven in the probate court was contested in the equity side of the circuit court as authorized by law.

The chief grounds of contest were the mental incapacity of the testatrix to make a valid will and the undue influence of Judge and Mrs. Kellett, jointly and severally, the latter being a substantial beneficiary under the will.

The first assignment of error relates to the action of the trial court in overruling the demurrers to sub-division (j) of paragraph 4 of the contest. As we understand, this provision is based on the mental incapacity of the testatrix and not fraud. If she was of unsound mind and incapable of making a valid will, fraud would not be necessary. Therefore, the use of the word "fraudulently," as used in said provision, was superfluous and the trial court did not commit reversible error in overruling the demurrer to same.

This case presents no new or novel legal questions, or ones that have not been well settled by this court and followed by the trial court, so that it is unnecessary to cite cases or quote from same, as the issues involved were ones of fact.

The evidence, or weight of same, shows that as far back as 1936 the testatrix was a mental and physical wreck, her condition being brought on by the excessive use of liquor and drugs and, at that time, she was mentally incapable of understanding and transacting business and that her habits, as well as her mental condition, continued up to the time she made the will and died in the early part of 1938.

There was therefore evidence, by experts as well as by qualified laymen, to show that her mental incapacity was of such permanent character as to place the burden on the contestees to show that the will was made during a sane and lucid period and this was in effect and substance that part 'of the oral charge of the trial court to which appellants reserved an exception.

It was open for the jury to draw a reasonable inference rather than a mere conjecture of undue influence on the part of the Kelletts from their interest in the matter, their relationship with the testatrix and her condition and location when the will was made. True, Mrs. Henley may have had a lawyer to prepare the will, or what may be determined independent advice, but that merely relieved the contestees of the burden of showing that fact, but did not, in and of itself, refute all inferences to be drawn by the jury that they did influence or dominate her in the disposition of her property, which disposition was not advised by the draftsman of the will. He was directed by written memoranda 'prepared and handed to him before the will was prepared and which said memoranda the jury could reasonably infer was inspired, suggested or dictated by the Kelletts who were hosts and custodians of the testatrix at the time.

True, the will gave the bulk of the property to her brother, who was her sole heir, apart from the marital rights of the husband, but this was only for his life, and said brother was fatally ill at the time in a Chattanooga Hospital and whose condition was no doubt known to the appellants.

It may not seem that the bequest to Mrs. Kellett was unnatural as they had been warm and life long friends and companions, but it was open to the jury to find that Mrs. Henley was not only mentally incapacitated, but was largely, if not completely, under the influence and control of her hosts. Therefore, the appellants were not due the general charge as for the absence of the undue influence of the Kelletts, jointly or severally.

There was no error in refusing the appellants' charge "E." If not otherwise faulty, it pretermits the charge and proof of mental incapacity.

Charge "F," refused the appellants, may state a correct proposition of law as to the mental capacity, but the refusal of same was not error as it ignores the question of undue influence.

There were many objections and exceptions to the rulings on the evidence, some of which may not only be regarded as frivolous, but none of them are of sufficient merit to warrant a reversal of this case and it will serve no useful purpose to single out and discuss them in this opinion, though each one has been carefully considered.

Appellants, in reply brief, lay special stress upon the objection to the question on cross-examination to witness John McCartney: "Do you say now it is a good will?" This objection should have been sustained. It called for the conclusion or opinion of the witness on a question to be decided by the jury, but the answer of the witness rendered the ruling innocuous as the reply was, "I don't know about that."

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.