82 So.2d 259

Bessie H. TANKERSLEY

v.

Hilda S. WEBB.

5 Div. 620.

Supreme Court of Alabama.

Aug. 18, 1955.

McKee & Maye, Opelika, for appellant.

Walker & Walker, Opelika, for appellee.

MERRILL, Justice.

Appellant (plaintiff below) sued to recover damages for the alleged conversion of certain enumerated items of personal property including "miscellaneous hand painted china as follows: * * *." Appellee pleaded in short by consent. The jury returned a verdict for the appellee and from the judgment rendered thereon appellant perfected this appeal.

The two assignments of error raise the point that the trial court erroneously overruled the objection of appellant to certain evidence. Each instance of which appellant complains arose on the cross examination of the appellant. We omit some remarks in the record which are not necessary to the decision before us. The first follows:

"Q. Now don't you recall that at the time that you built that smaller house that Mrs. Hilda Webb, the lady here who was your daughter-in-law at that time, came there and helped you in the erection of that building?

"Mr. Maye. We object. That is immaterial to this case.

"The Court. Overrule the objection.

"Mr. Maye. We except.

"A. My son was in camp in Louisiana. His wife Hilda Webb came on a visit. Mr. Keefer built the house. She wanted to look on. I paid her board at the hotel. I had to go back to work and Mr. Keefer was the one in charge of the house. She did stay up there some with Mr. Keefer. I built the house and I paid for the house.

"Q. Then your answer is that she did assist in the supervision of the building of that small house?

"A. I said she stayed up there some with Mr. Keefer. How she assisted, I don't know. I was away teaching part of the time. Not all the time."

The second instance is as follows:

"Q. Isn't it a fact that you got the hand painted china back?

"Mr. Maye. We object.

"The Court. Overruled.

"Mr. Maye. We except.

"A. Not all of it. She had part of it put in the warehouse out here."

It should be noted that the only ground of objection interposed in the first instance was "that is immaterial to this case." No ground of objection was interposed in the second instance and no motion to exclude was made in either instance.

Where as here the defendant has pleaded "in short by consent the general issue, with leave to give in evidence any matter which, if well pleaded, would be admissible in evidence in defense of this action, in whole or in part, to have effect as if so pleaded," the admission of evidence that tends to support any valid defense, not required to be presented by sworn plea, was proper. Johnston v. Isley, 240 Ala. 217, 198 So. 348, and authorities cited therein.

Circuit Court Rule 33, Code 1940, Tit. 7 Appendix, applies to the objection that the matter objected to was immaterial. It reads:

"When, in the progress of the trial of any cause in a court of original

**236**

jurisdiction, objection, and exception are reserved to the introduction of testimony that is not patently illegal, or irrelevant, such exception will not be considered an error, unless the record shows that the grounds of objection were specified. In all cases, the presiding judge, before ruling on any objection to testimony, may call on counsel to specify the grounds on which it is rested; and the appellate court, in revising such decision, must consider only the grounds of objection which are shown to have been clearly specified." See Conway v. Robinson, 216 Ala. 495, 113 So. 531.

In the first ruling of the lower court which is assigned as error, the answer was not responsive, and was in the negative when the witness said, "How she assisted, I don't know." The rule that the overruling of an objection to a question is harmless, where the witness answers that he does not know, or does not remember, is applicable here. Brown v. Johnston Bros., 135 Ala. 608, 33 So. 683; Gates v. Morton Hardware Co., 146 Ala. 692, 40 So. 509; Southern Cotton Oil Co. v. Harris, 175 Ala. 323, 57 So. 854; Kellett v. Cochran, 239 Ala. 313, 194 So. 805; 2 Alabama Digest, Appeal and Error, ☞ 1048(5).

The second ruling of the lower court which is assigned as error does not constitute reversible error. The answer "not all of it" was in the negative and favorable to the objector (appellant). National Surety Co. v. Boone, 227 Ala. 599, 151 So. 447; Ballard v. Baker, 227 Ala. 143, 148 So. 835; Page v. Hawk, 250 Ala. 26, 33 So.2d 8.

As to both rulings of the lower court we think the principle is applicable that where the ground of objection to the admission of evidence was general or no ground was stated, the action of the lower court in overruling such objection will be sustained unless the evidence is "patently inadmissible." Chandler v. Goodson, 254 Ala. 293, 48 So.2d 223; White v. Henry, 255 Ala. 7, 49 So.2d 779.

See also Harvey v. Bodman, 212 Ala. 503, 103 So. 569, where it was held that where there was no motion to exclude the answers to questions admitted over general objections, there was nothing presented for review.

We do not think the evidence quoted supra was "patently inadmissible." The record as a whole indicates that the purpose of the question in the first instance was to show the motive for a gift of the personalty involved from the plaintiff to the defendant, because of defendant's aid in supervising the construction of appellant's home. The testimony in the second instance was admissible and relevant at least on the question of damages. King v. Franklin, 132 Ala. 559, 31 So. 467.

Substantial error is not presumed and the burden is on the appellant to show error. McCall v. State, 262 Ala. 414, 79 So.2d 51; Kabase v. State, 244 Ala. 182, 12 So.2d 766. Appellant has not carried the burden on this appeal and the judgment is due to be and is affirmed.

Affirmed.

LAWSON, GOODWYN and MAYFIELD, JJ., concur.