222 So.2d 367

Mrs. C. O. WATERS, Administratrix

v.

EMPLOYERS LIFE INSURANCE COMPA-
NY OF AMERICA et al.

6 Div. 463.

Supreme Court of Alabama.

March 13, 1969.

Rehearing Denied May 8, 1969.

---◆---

Bland & Bland, Cullman, for appellant.

St. John & St. John, Cullman, and Huie,
Fernambucq & Stewart, Birmingham, for
appellees.

PER CURIAM.

Appellant filed suit in the Circuit Court
of Cullman County against appellees to re-
cover a specified sum as damages incident
to some life insurance for which plaintiff's
intestate applied. The policy was never
delivered and thereby arose this suit for
damages. Plaintiff took a lawful nonsuit
after the trial court sustained the demurrer
of each defendant to each of the four
counts of the complaint. The several counts
made appellees joint defendants.

It appears in each count that plaintiff's
intestate on or about October 14, 1965, upon
being approached by defendant Deese-
Harbison Insurance Agency, Inc. (herein-
after referred to as the Agency), applied in
writing to Employers Life Insurance Com-
pany of America, a corporation (which we
will hereafter call Employers Company),
defendant, for a policy of life insurance for
which he tendered his check, payable to said
Employers Company, in the sum of $156.20,
to cover the first premium. It is alleged

108

that said Employers, to whom the check was payable, received and cashed the check.

It is further averred that plaintiff's intestate stood a physical examination by a local physician, who was paid therefor by Employers Company. It is also averred that on March 5, 1966, plaintiff's intestate died, of which defendants had notice, and that on said date the policy had not been issued.

Count One alleges negligence on the part of defendants in failing to notify plaintiff's intestate within a reasonable time of its acceptance or rejection of said application for the insurance and that on account of said negligence and as a proximate result thereof, the plaintiff was damaged as set out.

Count Two avers that the asserted damages were proximately caused by negligence of the defendants and that said negligence was the failure to issue said policy of insurance on the life of plaintiff's intestate and negligently failing to notify plaintiff's intestate within a reasonable time of the acceptance or rejection of said application.

Count Three avers in substance that defendants negligently failed to notify plaintiff's intestate within a reasonable time of their acceptance or rejection of said application, and as a proximate result of defendants' negligence, plaintiff's intestate died without the benefit of life insurance and was damaged in the amount claimed.

Count Four of the complaint is substantially the same as the other counts with the additional averment that the defendants negligently failed to issue to plaintiff's intestate a policy of insurance as applied for or negligently failed to reject said application and give plaintiff's intestate reasonable notice thereof in sufficient time to enable him to procure other insurance, and as a proximate result of said negligence, the plaintiff's intestate died without the benefit of insurance and was damaged in the amount sued for.

It is to be noted that the photostatic copy of intestate's application, attached to the complaint as an exhibit, shows that defendant Agency was only a soliciting agent for the insurance and there is no averment to the contrary in the complaint.

Acting in the capacity of a soliciting agent, said defendant Agency was under no duty to issue the policy and was without authority to do so. The complaint alleges that the application was made to Employers Company for the policy of insurance—not the Agency.

The judgment of the court says that on February 17, 1967, "came the parties, by their attorneys, and demurrers to each Count of the complaint, as last amended, having been filed and coming on to be heard and understood by the Court, it is hereby, ORDERED, ADJUDGED and DECREED * * *" The demurrer of each defendant was sustained.

■ The demurrer of the Agency charges that the counts failed to state a cause of action. This ground is general and falls within the provisions of Title 7, § 236, Code 1940, as Recompiled in 1958. If overruled, the trial court will not be placed in error therefor. Marigold Coal, Inc. v. Thames, 274 Ala. 421, 149 So.2d 276; Bright v. Wynn, 210 Ala. 194, 97 So. 689. In an action at law, this court has said "we can see no reason why the trial court should not sustain a demurrer on the ground that the complaint fails to state a cause of action; and, if the complaint does not state a cause of action, we think the judgment sustaining the demurrer ought to be upheld on appeal." Butler v. Olsham, 280 Ala. 181, 190, 191 So.2d 7, 16.

■ In the instant case we think the complaint and each count thereof fails to state a cause of action against the Agency. Each count fails to allege facts that impose any duty or give any authority to the Agency to issue the policy referred to in the complaint. It fails to allege any authority on the part of the Agency to accept or reject the application for insurance, and it was under no duty, for aught appearing from any factual allegations, to notify

plaintiff's intestate of such acceptance or rejection. The complaint merely alleges that the Agency received the application that was made to Employers Company for the insurance; that defendant Employers Company was vested with the authority, not defendant Agency, to reject or approve the application and to issue the policy. Again we note that the complaint alleges that intestate's check for the first premium was made to Employers Company and was cashed by said Company. The Agency merely received the check and forwarded it to the Employers Company.

The Assignment of Errors on this appeal reads as follows:

"1. The trial court erred in sustaining defendants' demurrers to Count One of plaintiff's complaint.

"2. The trial court erred in sustaining defendants' demurrers to Count Two of plaintiff's complaint.

"3. The trial court erred in sustaining defendants' demurrers to Count Three of plaintiff's complaint as last amended.

"4. The trial court erred in sustaining defendants' demurrers to Count Four of plaintiff's complaint as last amended.

"5. The trial court erred in sustaining defendants' demurrers to plaintiff's complaint and plaintiff's complaint as last amended."

Since each assignment of error jointly embraces the trial court's ruling on the demurrers of both defendants, and such ruling has merit as to the demurrer of the defendant Agency, the assignments as to the demurrer filed by Employers Company must fail. There is an old adage that a chain is no stronger than its weakest link. We might paraphrase by saying that a joint assignment of error is no stronger than its weakest component. An illustration in principle appears in our holding that a joint assignment of errors is unavailable to reverse unless the ruling complained of prejudices all joining in the assignment. Fut-

voye et al. v. Chuites et al., 224 Ala. 458, 140 So. 432; Italian Art Exhibit Committee et al. v. Romeo, 225 Ala. 396, 143 So. 557; Chavers v. Mayo, 202 Ala. 128, 79 So. 594. In the instant case, both rulings on demurrer must be prejudicial to plaintiff if they are available to reverse.

We pretermit any consideration of the demurrer filed by Employers Company. Suffice it to say that the failure of the complaint to state a cause of action against the defendant Agency invites this affirmance.

The judgment of the trial court sustaining the demurrers of both defendants is affirmed.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.