# Wilson v. Stewart.

*Action on the Case by Landlord against Purchaser of Crop from Tenant.*

1. *Pleading ; misjoinder of counts.*—The rule of the common law, that counts *ex contractu* and counts *ex delicto* can not be joined, still prevails.

2. *Same ; amendment causing misjoinder may be stricken from the file.* An amendment to a complaint containing counts in case and trover, by which it is proposed to add the common counts in assumpsit, would cause a misjoinder; and while in such case the better practice is to put the defendant to his demurrer, as the demurrer would necessarily be sus-tained to the entire complaint, striking the amendment from the file is at most error without injury.

3. *Landlord and tenant ; when relation exists ; landlord's lien.*—A con-tract by which one rents to another land, to be cultivated for a stipulated part of the crops to be grown thereon, creates between them, under the statute, the relation of landlord and tenant, with all its rights and inci-dents, including the lien of the landlord for rent and advances.

4. *Same ; nature of landlord's lien.*—The lien of the landlord on the crops of his tenant is merely a statutory right to charge the crops with the payment of rent and advances in priority to all other rights or liens ; while the property and right of property in the crops remain in the ten-ant, thus enabling him to make a *bona fide* sale to a purchaser without notice, which would prevail over the landlord's lien.

5. *Purchaser from tenant ; when without notice.*—Notice by a purcha-ser from the tenant that the crop was raised on land rented from the landlord, and that the rent was unpaid, does not operate as notice that the landlord had advanced to the tenant, or of his lien therefor.

APPEAL from Cherokee Circuit Court.

Tried before Hon. LEROY F. BOX.

This was an action brought by the appellant against the appel-lee, and was commenced on 18th June, 1880. The original complaint contained three counts, one in trover, and the other two in case. The substance of the averments of the counts in case is that the plaintiff in the court below rented lands to one

Tillery for and during the year 1879, and made advances to him during that year under the statute, to enable him to make a crop; that Tillery made a crop of cotton on the rented premises during that year, which he delivered to the defendant, without having first paid the amounts due from him to the plaintiff for rent and advances, and that defendant, with notice of plaintiff's lien for rent and advances, received and sold the cotton, and thereby "plaintiff's lien was lost or destroyed." Afterwards, the plaintiff having, by leave of the court, amended his complaint by adding two counts in assumpsit, one on an account stated, and the other for money had and received, the defendant moved the court to strike the amendment from the file, which motion was granted by the court, and the plaintiff excepted. The defendant pleaded the general issue, payment, and the statute of limitations of one year, and upon the issues thus made the cause was tried.

The evidence introduced on the trial tended to show, that the plaintiff rented lands to Tillery for and during the year 1879, to be cultivated in cotton and grain, "at the agreed price of one-third the corn or grain and one-fourth the cotton grown by him" on the rented premises during that year; that Tillery raised thereon a crop of cotton during that year, and delivered it to the defendant, a merchant, who had also advanced to him during the year, and who shipped and sold the cotton, and received the proceeds of the sale; that Tillery had also rented lands from the plaintiff during the year 1878, and during that year, as well as during the year 1879, plaintiff had advanced to him under the statute, to enable him to make his crops, and at the commencement of this suit Tillery was indebted to plaintiff on account of such advances in the sum of $103.00, which was a "balance struck on settlement between them" for both years; that the defendant, at the time he received the cotton, had notice that it had been raised by Tillery on lands rented from the plaintiff, and that the *rent* had not been paid; but he had no notice that the plaintiff had *advanced* to Tillery, or that the latter owed the plaintiff on account of such *advances*, until after he had disposed of the proceeds of the sale of the cotton; that from such proceeds, defendant, after deducting the amount due him from Tillery for advances which he had made the latter during the year 1879, paid the plaintiff the amount of his rent, and the balance, "$55.00 or more," he paid over to Tillery. The evidence does not disclose how much defendant advanced to Tillery, nor how much he received for the cotton sold by him.

Numerous exceptions were reserved to the general charge, to the charges given at the request of the defendant, and to the refusal of the court to charge as requested by the plaintiff in

writing; but the opinion renders it unnecessary to set out these charges. The jury returned a verdict for the defendant, on which a judgment was rendered in his favor. The striking the amendment from the file, and the rulings of the court on the charges to the jury, are here assigned as error.

WALDEN & SON, for appellant.—(1). The counts were properly joined.—*Spence v. Thompson,* 11 Ala. 746. If, however, there was a misjoinder, this could only be reached by demurrer to the whole declaration.—*Ragsdale v. Bowles,* 16 Ala. 62. (2). The landlord did not lose his lien because of a removal of the crop from the rented premises.—*Lomax v. Le Grand & Co.,* 60 Ala. 537; *Governor v. Davis,* 20 Ala. 366.

JAMES H. SAVAGE, *contra.*

BRICKELL, C. J.—The original complaint was in case, joining a count in trover. The amended complaint proposed to add the common counts in assumpsit, thereby causing a misjoinder, rendering the entire complaint subject to demurrer. For the rule of the common law remains unchanged, that counts *ex contractu* and counts *ex delicto* can not be joined.— *Whilden v. M. & P. Nat. Bank,* 64 Ala. 1. It may be the better practice would have been to put the defendant to his demurrer, but as that would of necessity have been sustained to the entire complaint, striking the amendment from the files is at most error without injury.

The relation of landlord and tenant, with all its rights and incidents, existed between the appellant and Tillery by force of the statute.—Code of 1876, §3474. As an incident to the relation, a lien on the entire crops grown on the rented premises, resulted to the appellant for the share of the crops it was agreed that he should receive as rent. He had also a lien on the crops for such advances as he made Tillery to aid in the cultivation of the crops, and for any balance due him from Tillery for advances made during the tenancy of the preceding year. These liens were capable of enforcement by attachment at law, on the happening of any of the contingencies expressed in the statute. Code of 1876, §§ 3467–78. The lien is not property, or a right of property. It is a statutory, legal right to charge the crops with the payment of the rents, or advances, or both, in priority to all other rights or liens, the property and right of property remaining in the tenant.—*Stern v. Simpson,* 62 Ala. 194. If with notice of the liens, the appellee sold and converted the crops, depriving the appellant of, or rendering unavailing the remedy by attachment to enforce them, an action on the case can be supported for the recovery of the resulting damages.

*Hussey v. Peebles*, 53 Ala. 432; *Lavender v. Hall*, 60 Ala. 214; *Lomax v. Le Grand, Ib.* 537. Notice of the liens must, however, be traced to the appellee. The general property in the crops residing in the tenant, he could make a *bona fide* sale to a purchaser without notice, which would prevail over the liens. This is an infirmity of the liens by the words of the statute creating them. The fatal defect in the case of the appellant, in all its aspects, is that the appellee sold the cotton and disposed of the proceeds of the sale, without any notice of the lien now claimed for advances. Of the lien for rent, notice was given, but it is undisputed that the rent was paid, and no claim for it is now made in this suit. Against the lien for advances the statute affords the appellee full protection. If there be error in the various rulings of the court below to which exceptions were taken, it is not of injury to the appellant, and it would serve no useful purpose to examine them.

Affirmed.