# Wollner & Lowenstein *v.* Lehman, Durr & Co.

*Statutory Claim Suit for Attached Goods.*

1. *Burden of proof.*—On the trial of a statutory claim suit, the *onus* is on the plaintiff in attachment (or execution) to prove that the goods were subject to his process (Code, § 3007); but he makes out a

[Wollner & Lowenstein v. Lehman, Durr & Co.]

*prima facie* case, when he shows that, at the time of the levy, they were in the possession, and under the control of his debtor, the defendant in the process; and when he has done this, the *onus* is shifted to the claimant to establish his right.

2. *Fraudulent purchase of goods; right of vendor to rescind, and against whom asserted.*—When a purchaser who is insolvent, or in failing circumstances, obtains goods on credit by a fraudulent concealment or misrepresentation of his condition, having at the time no intention or reasonable expectation of paying for them, the vendor may rescind on discovery of the fraud, and recover the goods from any person into whose hands they have passed, except a *bona fide* purchaser without notice; and a subsequent attaching creditor is not, in any sense, a purchaser.

3. *Same; burden of proof.*—When the vendor seeks to recover the goods by interposing a claim under the statute against subsequent attaching creditors of the fraudulent purchaser, the *onus* is on him to establish—1st, that the purchaser was at the time insolvent, or in failing circumstances; 2d, that he had no intention or reasonable expectation of paying for the goods; 3d, that he fraudulently concealed or misrepresented his condition or intention; and these are questions for the jury, under proper instructions.

4. *Same; evidence relative to question of fraud.*—On the issue of fraud *vel non* in such purchase, the conduct of the purchaser, his business prospects, his dealings and conversation, about the time of the purchase, within a reasonable time before, and afterwards up to the levy of the attachment, are legitimate subjects of proof.

5. *Proof of amount and value of goods.*—When the amount of the goods claimed and delivered to the claimant is stated in the bond and affidavit, as it should be, the statement is conclusive, and evidence can not be received in disproof of it; but evidence of the value should always be received, as the value must be found by the jury.

6. *Abstract question to witness.*—There is no error in refusing to allow a question to a witness which is based on facts, hypothetically stated, of which there is no evidence before the jury.

7 *Oral evidence as to notes, or other writings, when collateral.*—When a question arises collaterally as to a note, or other writing, a witness may testify in regard to it without its production.

8 *Outstanding title in third person.*—In a statutory claim suit, neither of the parties can show an outstanding title in a third person, without connecting himself with it.

9. *Charge as to measure of proof.*—A charge given, which instructs the jury to find for the plaintiffs, "if the evidence leaves in a state of doubt or uncertainty any fact which it is necessary for the claimants to establish," requires too high a degree of proof, and is erroneous.

10. *Assessing separate value of articles sued for.*—On the trial of a claim suit under the statute, the jury are required to assess the value of each article separately, "as far as practicable" (Code, § 2719); and where the property consists of several cases of boots and shoes, marked with different numbers, and most of them unopened, a separate valuation seems practicable.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. SAM. H. SPROTT.

This was a statutory trial of the right of property in and to about seventeen boxes of boots and shoes, between Lehman, Durr & Co., plaintiffs in attachment against Weil & Stern, and Wollner & Lowenstein as claimants. The defend-

ants in attachment were merchants, carrying on business at Benton, Lowndes county; Lehman, Durr & Co. were commission-merchants in Montgomery, and Wollner & Lowenstein were wholesale merchants in Mobile. The attachment of Lehman, Durr & Co. was sued out on the 11th October, 1885, and levied on the same day on all the goods in the store of said Weil & Stern. A portion of the goods was thereupon claimed by Wollner & Lowenstein, which was particularly described in an inventory, or schedule, annexed to the affidavit and bond; the goods being described by the number of the box and the contents, the aggregate value being $587.65. The claim of Wollner & Lowenstein was, that the goods were obtained from them by Weil & Stern, as purchasers, by fraud; and they claimed the right to rescind the contract, and to recover the goods. On the issue made up between the parties, under the direction of the court, as the bill of exceptions states, "the issue presented to the jury was, whether the purchase of the goods in controversy by Weil & Stern was made under such circumstances as authorized the claimants to rescind the trade," and recover the goods. On the trial, the claimants reserved numerous exceptions to the rulings of the court, which, as referred to by number in the opinion of this court, as follows:

1. The claimants offered to prove by one Fiebleman, their travelling salesman, who had sold the bill of goods to Weil & Stern, "the amount and value of the goods returned by the sheriff under the claim bond and affidavit; to which the plaintiff objected, as the affidavit, bond and sheriff's return would show for themselves the amount and value of said goods." The court sustained the objection, and claimants excepted.

2–3. Henry Bernstein, a witness for claimants, who was a wholesale dealer in boots and shoes in Mobile, and had sold Weil & Stern a bill of goods in September, 1886, "was asked, if he knew the character of the business done by them, and answered, that he did not, except from what he had heard, not having been in Lowndes county for many years. Witness was then asked by claimants, whether the bill of goods purchased by Weil & Stern from his house, and from claimants, including about $180 bought from Goetter & Weil, was more than it was usual for a business like theirs to carry, taking into consideration that it was a poor crop year. The plaintiffs objected to this question, and the court sustained the objection; to which the claimants excepted." J.

[Wollner & Lowenstein v. Lehman, Durr & Co.]

S. Edson, another witness for claimants, who was a merchant in the town of Benton, "and knew them and the nature of their business," was asked by claimants, "From his knowledge, would a merchant at Benton be justified in laying in a large stock of goods in the fall of 1886, it being a bad crop year." The court sustained an objection to this question, and the claimants excepted.

4–5. The claimants proved, without objection, that on the 9th October, 1886, two days before the levy of plaintiffs' attachment, said Weil & Stern transferred to Mrs. Kohn, of Montgomery, a portion of their stock of goods, and to Steiner & Brother, on the same day, another portion of their goods, being the goods levied on, in payment of an antecedent debt of $6,400. "One Wolfolk, a witness for claimants, who was the agent of plaintiffs in attachment, was asked, 'What was the amount due your firm by said Weil & Stern on the 9th October, 1886?' Plaintiffs objected to this question, and the court sustained their objection; to which ruling claimants excepted. Witness then testified, that said Weil & Stern, on that day, owed plaintiffs about $4,600, for which they held collaterals." J. Stern, one of the defendants in attachment, as a witness for plaintiffs, testified that, on September 9th, 1886, when the bill of goods was bought from claimants, his firm owed Lehman, Durr & Co. about $20,000, and had outstanding debts due them to about the same amount; and on cross-examination he specified the different creditors of his firm, and the amount of the indebtedness to each. "Plaintiffs here objected to any evidence of any indebtedness created after September 8th, or in reference to any claims collected or assets disposed of after that day; which objection the court sustained, and claimants excepted."

6–8. The witness Stern, on cross-examination, further testified, that a large portion of their outstanding notes and mortgages had been turned over to Lehman, Durr & Co., but he had himself collected some of them; and he was then asked by the claimants, "How much of this $20,000 of assets was collected by your firm?" The court sustained an objection to this question, and the claimants excepted. The claimants further asked said witness, "Have you paid, or made any efforts to pay, the debts you owed on the 9th October, 1886?" The court sustained an objection to this question, and claimants excepted. "The claimants asked said witness the character of the business done by his firm;

[Wollner & Lowenstein v. Lehman, Durr & Co.]

how many mortgages and crop-liens they had taken, and what disposition they had made of them; how much of the outstanding indebtedness of his firm was unsecured, and how it happened that they held notes not secured by mortgages; and the witness stated, in answer to the last question, that some of their customers were rich planters in the county, whose indebtedness by note or open account was better than the mortgage debts of most customers. Plaintiffs then asked said witness, whether the notes taken in their business were waiver-exemption notes; to which question claimants excepted, on the ground that the notes themselves, in their possession, were better evidence;" and they excepted to the overruling of their objection.

The court charged the jury, *ex mero motu*, "that if Steiner purchased the goods in controversy in good faith, and without any knowledge of the claim of Wollner & Lowenstein or any one else, and was put in possession of said goods under his purchase, through his agent, then the claimants can not recover in this action." To this charge the claimants excepted; and they also excepted to the following charge, which was given on request of the plaintiffs: (4.) "If the evidence in the case leaves in a state of doubt or uncertainty any fact which it is necessary for the claimants to establish, then the jury must find for the plaintiffs."

The claimants also excepted to the refusal of several charges asked by them in writing, among which were the following: (1.) "If the jury are satisfied that Weil & Stern were guilty of a misrepresentation in reference to the quantity of boots and shoes purchased by them, this was a positive fraud, no title passed to them, and claimants are entitled to a verdict." (6.) "In order to constitute a sale to Steiner, and to pass the title, there must have been a delivery of the goods; and if the jury find that the goods were not delivered, then there was no transfer to any body, and claimants are entitled to recover."

The jury returned a verdict for the plaintiffs, assessing the aggregate value of the goods at $614.25; and the court rendered judgment accordingly. This judgment is here assigned as error by the claimants, together with the several rulings to which exceptions were reserved.

PILLANS, TORREY & HANAW, and CLEMENTS & BREWER, for the appellants.—(1.) There must be a reversal of the judgment in this case, because the jury did not assess the

[Wollner & Lowenstein v. Lehman, Durr & Co.]

separate value of the several articles sued for.—Code, § 2719; *Townsend v. Brooks*, 76 Ala. 308; *Jones v. Anderson*, 70 Ala. 427; *Tait v. Murphy*, 80 Ala. 440; *Johnson v. McLeod*, 80 Ala. 433; *Jones v. Anderson*, 82 Ala. 302. The judgment is for the specific property, and a conditional judgment is rendered for the aggregate value of the property, with an order for the issue of execution. Such judgment is without warrant of law. The only question was, whether the property was subject to the attachment. If proper judgment was rendered for the plaintiffs, and claimants failed to return the property to the sheriff within thirty days, it was his duty to return the bond forfeited, and execution would then issue against the claimants and their sureties on the bond.—Code, 1876, § 3344. (2.) The claimants should have been allowed to introduce evidence as to the amount and value of the goods returned to them, and they were not concluded by the affidavit and bond, which were filed five or six months before the trial.—Code, 1876, § 3443; *Bell v. Pharr*, 7 Ala. 812; *Lehman, Durr & Co. v. Warren & Burch*, 53 Ala. 535. (3.) If Weil & Stern were guilty of a fraud in the purchase of the goods, appellants had the right to rescind the sale, and to recover the goods, unless they had passed into the hands of a purchaser for value without notice.—*Loeb & Bro. v. Flash Bros.*, 65 Ala. 526; *Hornthal v. Schonfeld*, 79 Ala. 107; *Spira v. Hornthal*, 77 Ala. 137; *Robinson v. Levi*, 81 Ala. 134. (4.) On questions of fraud, great latitude is allowed in the admission of evidence.—*Durr v. Jackson*, 59 Ala. 205; *Snodgrass v. Br. Bank*, 25 Ala. 174; *Shealy & Finn v. Edwards*, 75 Ala. 411. As bearing on the question of fraud in the purchase of the goods, it was competent to prove their solvency or insolvency, their indebtedness then existing, though not matured, their representations as to their solvency, and any facts tending to show that they had no reasonable expectation of paying for the goods.—*LeGrand v. Eufaula Nat. Bank*, 81 Ala. 123; *Kyle v. Ward*, 81 Ala. 120; *Williams v. Haney*, 3 Ala. 371; *Brazier v. Butt*, 18 Ala. 201; *Jones v. Sterns*, 28 Ala. 677; *McCormick & Richardson v. Joseph & Anderson*, 77 Ala. 236.

TOMPKINS, LONDON & TROY, *contra.*

STONE, C. J.—Lehman, Durr & Co. sued out an attachment against Weil & Stern, which was levied on a stock of merchandise in the store-house in which the debtor firm had

been, and were doing a retail mercantile business. Wollner & Lowenstein made the statutory affidavit of claim, and gave the necessary bond, to inaugurate a trial of the right of property—a statutory action provided for in our judicial system.—Code of 1886, §§ 3004 to 3012, inclusive. The property claimed was delivered to the claimants. An issue was made up as provided by law, the attaching creditors averring that the property was subject to their attachment, and the claimants taking issue on the averment. The burden of proof was on the plaintiffs in attachment.—Code, § 3007.

The question of the burden of proof, and the extent of it, has been many times before this court. Our ruling has been, that the plaintiff need only make a *prima facie* case; which he does, by proving that the goods were in the possession, and under the control of the defendant, at the time of the levy. The burden then shifts to the claimant to establish his right.—3 Brick. Dig. 776, § 7; *Loeb v. Manasses*, 78 Ala. 555; *Jones v. Franklin*, 81 Ala. 161; *Foster v. Goodwin*, 82 Ala. 384. And the claimant, in defense of such action, can not set up outstanding title in a stranger, in which he has no interest, and with which he does not connect himself.—3 Brick. Dig. 776, §§ 5, 6, 9.

The bill of exceptions, after stating the case, and when it was tried, describes the real issue in the following language: "Issue being made up by the parties under the direction of the court, the question presented to the jury was, whether the purchase by Weil & Stern of the goods in controversy was made under such circumstances as authorized the claimants," who were the vendors, "to rescind the trade, and reinvest themselves with the title."

Wollner & Lowenstein were wholesale merchants, doing business in Mobile, and Weil & Stern were retail merchants, doing business in Benton, Lowndes county, Alabama. On September 9, 1886, Weil & Stern purchased from Wollner & Lowenstein, through their travelling salesman, a bill of goods of about six hundred dollars. The goods were purchased on time, and were shipped about September 18, afterwards. The ground on which Wollner & Lowenstein rested their right to interpose their claim was, that at the time their salesman made the sale, Weil & Stern were insolvent, or in failing circumstances; that they had, at the time of the purchase, no intention of paying for the goods, or no reasonable expectation of being able to do so; and that there was, on

[Wollner & Lowenstein v. Lehman, Durr & Co.]

their part, an intentional concealment of these facts, or a fraudulent representation in reference to them.   If these facts existed, under our decisions, Wollner & Lowenstein had the undoubted right to rescind as against Weil & Stern, and against any other person not a *bona fide* purchaser from Weil & Stern without notice.—*Loeb v. Flash*, 65 Ala. 526; *Spira v. Hornthal*, 77 Ala. 137; *Hornthal v. Schonfeld*, 79 Ala. 107; *Robinson v. Levi*, 81 Ala. 134; *LeGrand v. Eufaula Nat. Bank*, *Ib*. 123.

Lehman, Durr & Co. are not purchasers, in any sense. They are only attaching creditors.   Save as creditors at large, they can assert no rights or equities in or upon the goods, which antedates the levy of their attachment, October 11, 1886.   And when the claim was interposed in this case, October 12, they had acquired no new right or interest which would prevail over the right of Wollner & Lowenstein to reclaim the goods, if otherwise they had such right.   The category necessary to the maintenance of Wollner & Lowenstein's claim was, as we have seen, that when the goods were purchased, Weil & Stern were insolvent, or in failing circumstances; that they either did not intend to pay for the goods, or had no reasonable expectation of being able to do so; and that there was, on the part of Weil & Stern, either a fraudulent concealment of, or a fraudulent representation in reference to one or more of the above facts.   All these qualifying conditions were indispensable to Wollner & Lowenstein's right of recovery.   It is not enough that Weil & Stern were unable to pay all their debts.   Insolvents may intend to pay, and often do pay debts they contract.   There must have been, at the time of the purchase, either an intention not to pay, or no reasonable expectation of being able to pay, to constitute this second element in the claimants' right of recovery.   If, at the time, Weil & Stern intended to continue business, and expected, out of their collections and sales, to pay for the goods; then this indispensable element of the claimants' right of recovery is wanting.   On the other hand, if, when the order was placed, they had the intention of securing certain preferred creditors, or favorites, by a sale of their goods, or a large part of them, thus breaking up their assortment and their business standing and facilities, this would be such fraudulent intention not to pay, as would establish this second element of claimants' case, unless they retained other sufficient means to meet their liabilities.   And if such was their intention, and they subsequently carried it

[Wollner & Lowenstein v. Lehman, Durr & Co.]

out, then, unless they notified Wollner & Lowenstein's salesman of this intention when they gave him the order, this would constitute the third element of claimants' right of recovery. So, the most important inquiry in this case is, whether, at the time the order was given, Weil & Stern intended, and had reasonable expectation of being able, to pay for the goods; or, did they then intend to disable themselves, by transferring the goods in making preferences. On each of these necessary constituents of their right to recover, the burden was on the claimants. All these inquiries were and are questions for the jury under proper instructions, to be determined by the weight of the evidence.

It will have been noted in what has been said above that Weil & Stern's intentions and business prospects, when they purchased the goods, must exert a controlling influence in the determination of this case. This opens a wide field of investigation, and the question of fraud being involved, their conduct, dealings and conversation about the time of the purchase, within a reasonable time before, and afterwards, until the levy of the attachment, are legitimate subjects of proof, with proper restrictions as to parties not being allowed to make testimony for themselves, and that matters foreign to their business shall not be received.—2 Brick. Dig. 21,§§ 93, 100; *Ib.* 15,§§ 31, 32; 3 *Ib.* 430, §§ 346, 347. A very material inquiry is the time when the purpose to convey to Steiner and Mrs. Kohn was formed.

If the claim affidavit and bond fix, as they should, the amount of goods claimed and delivered to claimant, that is conclusive, and can not be disproved.—*Jemison v. Cozens*, 3 Ala. 636; *Braley v. Clark*, 22 Ala. 361; *Munter v. Leinkauff*, 78 Ala. 546. The value, however, is one of the facts to be found by the jury, and evidence of that should always be received.—*Roswald & Stoll v. Hobbie & Teague, ante*, 73.

The second and third exceptions may be considered together, as each contains an hypothesis of fact, of which there was then no testimony. Other objections might be stated. There is nothing in these exceptions.

The ruling in regard to the question put to Woolfolk, is so expressed as not to be intelligible. We suppose there is a mistake. It was certainly for the claimants to prove the amount of Weil & Stern's indebtedness when they bought the goods in dispute, and the record states this witness answered the question.

Under the rules declared above, the trial court erred in

[Woolner & Lowenstein v. Lehman, Durr & Co.]

ruling out all the testimony of indebtedness created, collections made, and disposition of assets, by Weil & Stern, between their purchase from claimants, and the levy of plaintiffs' attachment.

It was not competent to prove in this trial, against plaintiffs, any of the transactions of Weil & Stern, after the levy of plaintiffs' attachment. This disposes of exceptions 6 and 7.

There is nothing in exception 8. The question arose collaterally, and it was competent to speak of the notes, without their production.—*Graham v. Lockhart*, 8 Ala. 9; 3 Brick. Dig. 439, § 486.

The first charge given by the court, of its own motion, mistook the law. Whether or not the sale to Steiner was valid or invalid, was no part of the issue in this case. If valid, so as to cut off claimants' claim, it would equally defeat plaintiffs' right of recovery. Neither of the parties to this proceeding can succeed by showing outstanding title in a stranger, without connecting themsleves with such outstanding title.—*Starnes v. Allen*, 58 Ala. 316; 2 Brick. Dig. 480, § 67; 3 Brick. Dig. 776, §§ 5, 6.

The fourth charge given at the instance of the plaintiffs, should not have been given. The claimants were not required to prove any one of the essentials of their claim beyond doubt. We have frequently had occasion to consider and condemn similar charges.—*Adams v. Thornton*, 78 Ala. 489; *Pollak v. Searcy*, 84 Ala. 259.

The first charge asked by the claimants, was rightly refused. An intentional misrepresentation would be a fraudulent circumstance, to be weighed by the jury. If it was intentionally made, was calculated to deceive, and it did deceive and cause the sale, that would be a fraud, and would supply the third element in claimants' right of recovery.

Charge 6 asked by claimants was correctly refused; first, because the completeness *vel non* of the sale to Steiner was immaterial in this case; and, second, because it ignored all the elements essential to claimants' right to reclaim the goods.

The claim in this case was for several cases of shoes, each having a different case number marked on the box, and a majority of them unopened. It would seem that it was practicable to assess the separate values of the different cases, or a large part of them.—*Southern Warehouse Co. v. Johnson*, at present term, *ante*, 178, and citations.

The judgment-entry is informal, in setting out more than was necessary. It can be corrected on another trial.—*Gray v. Raiborn*, 53 Ala. 40; *Langworthy v. Goodall*, 76 Ala. 325.

Reversed and remanded.