# Hawkins *v.* Damson & Abraham.

*Assumpsit and Conversion.*

(Decided April 17, 1913.   Rehearing denied May 8, 1913.
62 South. 15.)

1. *Landlord and Tenant; Relation; Sub-Letting.*—The sub-renting by Stephens, tenant of Spragins, to Lee, made Stephens the landlord of Lee, with the landlord's lien for advances, although Stephens had Lee make the rent notes to Spragins, of which, or the sub-renting to Lee, Spragins had no knowledge.

2. *Same; Lien; Assignment.*—The assignee of a claim, for which the assignor had a landlord's lien, acquires the lien also, with right to maintain action against anyone destroying the lien.

3. *Same; Statement of Tenant; Estoppel of Landlord.*—A landlord, or the assignee of a claim secured by landlord's lien, is not bound by the statements of the tenant, when mortgaging the crops to another, as to the party from whom he was renting, in such a sense as to estop the landlord or his assignee to claim the lien.

4. *Same.*—A landlord is not estopped to claim his lien as against a mortgagee of his tenant by reason of a statement to the mortgagee, made after the mortgage is taken, that he was not renting to the mortgagor, it not appearing that the mortgagee parted with anything of value on the strength of such statement.

5. *Sales; Bona Fide Purchasers; Consideration.*—One does not become a bona fide purchaser by merely crediting the seller's account with the value of the article, so as to hold such property against a lien thereon of which he had no notice, since he gives up nothing, as the account remains unsatisfied on a failure of the seller's title or right to sell.

APPEAL from Madison Law and Equity Court.

Heard before Hon. JAMES H. BALLENTINE.

Action by J. W. B. Hawkins against Damson & Abraham on account and for conversion. From a judgment for defendants, plaintiff appealed to the Court of Ap-

peals, whence the case was transferred to the Supreme Court under Acts 1911, p. 449, § 6. Reversed and remanded.

The plaintiff claims a lien by way of an assignment of an account for advances made by Stephens to Lee. It seems from the pleading and the facts that Stephens rented Lee two pieces of land, which Stephens had rented from Spragins, and advanced Lee $100 to buy a mule, and some money for fertilizers. The rent notes were made payable to Spragins, and were paid by Lee to Stephens, who paid the money to Spragins, and the contention is over an amount other than the rent note, which amount was assigned by Stephens to plaintiff. It appears without dispute that Lee rented from Stephens, and that Spragins knew nothing about the subrenting. The defendants claim by mortgage from Anthony Lee on crops grown in the year 1907. This particular cotton in controversy was brought in by Lee and delivered to Damson & Abraham, whereupon Hawkins informed them of the nature and character of his lien, and according to his testimony the cotton was stored with the understanding that the matter would be adjusted; but they afterwards declined to recognize Hawkins' claim, and sold the cotton. Charge 1 was the affirmative charge to find for plaintiff. Charge 2 declared that Stephens, and not Spragins, was the landlord of Lee as to the land upon which the cotton was raised.

BETTS & BETTS, for appellant. If Hawkins had a lien it can be followed until it reaches the hands of a bona fide purchaser for value without notice.—*Barnett v. Warren*, 82 Ala. 557. The firm of Damson & Abraham were not bona fide purchasers for value as they merely gave credit on account for the articles received.—*Bush*

*v. Willis,* 130 Ala. 395; *Barnett v. Warren, supra; Spira v. Hornthall,* 77 Ala. 137; *Alston v. Marshall,* 11 Ala. 638. The doctrine of estoppel has no field for application in this case.—*Weaver v. Bell,* 87 Ala. 386; *Sullivan v. L. & N.,* 128 Ala. 102; *Chancellor v. Law,* 148 Ala. 512; *Vines v. Jaffee J. Co.,* 1 Ala. App. 390.

R. E. SMITH, for appellee. Counsel insist that Stephens was not Lee's landlord; that at the time of the purchase of the cotton in question appellees had no notice of appellant's lien, and that Stephens was estopped from disputing the claim of Damson & Abraham, but he cites no authority in support of his contention.

ANDERSON, J.—The undisputed evidence shows that Stephens had rented the land upon which part of the cotton was grown from R. E. Spragins, and that said Stephens subrented it to Lee, who raised the cotton. This made Stephens the landlord of Lee, notwithstanding they made the rent notes payable to Spragins, and with which he had nothing to do, as he rented the land to Stephens, never saw the notes, and never knew that Lee had rented from Stephens. Stephens, being the landlord of Lee, had a lien under the statute for the advances made his tenant; and the plaintiff, the assignee of the claim, became the assignee of the lien, and had a right to maintain the suit against any one who destroyed his lien.

The defendants attempted to invoke the defense of an innocent purchaser, but in that they have failed. There may be a conflict in the evidence as to whether or not the defendants got notice of the plaintiff's lien before or after purchasing the bale of cotton from Lee; but whether it was after or before the consummation of the trade the defendants show that they merely gave

Lee credit on his account for the proceeds. Merely entering a credit on an account past due, without surrendering anything valuable, would not constitute the creditor a bona fide purchaser. He must give up something of value, so as to materially change his position, such as a surrender of the evidence of indebtedness, or prior security. If he simply credits the debtor's account with the value of the thing purchased, and gives up nothing, and his title should fail in case the debtor had no right to sell to him, and the superior title or lien upon the thing sold deprived the creditor of same, his debt would remain unsatisfied.—*First Nat. Bank v. Nelson,* 105 Ala. 180, 16 South. 707; *Spira v. Hornthall,* 77 Ala. 137. Here the defendants merely passed the price of the cotton to the credit of Lee, and upon failure of Lee's title or right to sell said cotton the defendants' account against Lee remained unsatisfied, and the credit would be canceled.

The trial court erred in refusing charges 1 and 2, requested by the plaintiff, and the judgment is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.

### ON REHEARING.

ANDERSON, J.—The appellant suggests that the opinion fails to take account of the doctrine of estoppel in this case. This point was considered in the preparation of the opinion and the consideration of the case, but was so wanting in merit that the same was not discussed in the opinion. Stephens and his assignee were not bound by any statement that Lee, the tenant, made to the defendants, when he executed the mortgage, as to the party from whom he was renting the land. It

[Shackelford v. Williams.]

is true that Damson testified that Stephens told him in July or August that he was not renting Lee any land; but he does not show that he parted with anything of value upon the strength of said statement. It appears that the mortgage was taken long before said statement was made, if it was made, and which Stephens denied, and for aught that appears the items constituting defendants' claim may have all been sold before July or August.—*Farrow v. Sturdivant Bank,* 181 Ala. 283, 61 South. 286; *Goetter v. Norman,* 107 Ala. 585, 19 South. 56; *Fields v. Killion,* 129 Ala. 373, 29 South. 797.