# Parker-Blake Co., Ltd. *v.* Ladd.

### Assumpsit.

(Decided November 4, 1915.   Rehearing denied December 8, 1915.
70 South. 188.)

1. **Sales; Rescission; Concealment of Insolvency.**—Where a buyer pur-
chased goods on credit when in failing circumstances, and with no reason-
able expectation of being able to pay therefor, but failed to disclose his
financial condition to the seller, and the seller was ignorant of such condi-
tion, and was thereby induced to make the sale, the seller could rescind the
sale upon ascertaining the facts.

2. **Landlord and Tenant; Lien; Bona Fide Purchaser.**—The rescission of
a contract of sale by a seller because of the buyer's failure to disclose his
financial condition was good as against any third person not a bona fide
purchaser from the buyer without notice, and a landlord seeking by an at-
tachment levy to fasten the lien on the goods, made subsequent to the
rescission, was not a bona fide purchaser, since he must have given some-
thing of value so as to materially change his position before he became a
bona fide purchaser.

3. **Same; Rights of Third Parties.**—Where a buyer's acquirement of
goods was through concealment of his failing financial condition, without
expectancy of being able to pay therefor, the seller's right to retain, existed
from the time the sale was made, and antedated the lien of the landlord of
the buyer, and the landlord's lien was subject to the seller's prior right of
rescission in the absence of any facts giving rise to an estoppel.

[Parker-Blake Co., Ltd. v. Ladd.]

4. **Trial; Submission; Agreed Statement of Fact; Conclusiveness.—** Where the issue as between an attaching creditor and the claimant of the attached goods was tried upon an agreed statement of fact which stated positively that a sale of the goods was rescinded by the claimant and the claimant put in possession of the goods, the attaching creditor could not question the right of rescission, or the fact that a rescission was actually affected, since the agreement that a rescission was had carried with it all necessary preliminary requisites, and, when a submission is on an agreed statement of facts, the parties are estopped to deny the truth, competency or sufficiency of any admission made.

5. **Appeal and Error; Record; Omission.—** Where the bill of exceptions stated that the case was tried on an agreed statement of fact therein set out, there was no merit in the contention that the bill did not purport to set out all the evidence, since the trial court has no authority to receive evidence additional to the agreed statement, and it could not be presumed that it erroneously admitted evidence which it had no authority to admit.

6. **Trial; Submission; Inferences.—** The decision or conclusion on an agreed statement of facts is made upon the facts actually stated without drawing inferences of fact, except those necessarily drawn as a matter of law.

7. **Appeal and Error; Review; Reservation of Ground.—** Where a case was tried upon an agreed statement of fact containing no disputed fact, the statement was equivalent to a special verdict, and the proper judgment thereon was a mere conclusion of law, and the only exception necessary was an exception to the conclusion of law as evidenced by the judgment; hence, the rule that the bill of exceptions must show the conclusion and judgment of the lower court, and an exception to both, was not applicable.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Proceedings for rent begun by attachment by Ernest F. Ladd against Eugene H. Rencher, with claim interposed to certain of the goods by the Parker-Blake Company, Limited. Judgment for plaintiff as against the claimant, and claimant appeals. Reversed and rendered.

The following is the agreed statement of facts:

E. H. Rencher, doing business as Grand Bay Drug Company, had rented from plaintiff a certain building at Grand Bay, Mobile county, Ala., and had defaulted in payment of said rent, and that the goods levied upon under the landlord's attachment in this case were in said building when the levy thereon was made, at which time said Rencher, defendant in the original suit, was indebted to plaintiff in the sum of $133.33 for rent of said storehouse in which the aforesaid goods were then contained; that some months prior to the levy aforesaid the goods levied upon had been purchased by the said Rencher, doing business as aforesaid, from the claimant, said purchase being on credit,

with no retention or reservation of title; that at the time of said sale Rencher was in failing circumstances, and had no reasonable expectation of being able to pay for said goods, and failed to disclose his financial condition to the seller, the claimant in this case, and that claimant was ignorant thereof, and was induced to make the sale owing to the aforesaid failure of said Rencher to disclose his true financial condition; that claimant did not ascertain the true financial condition of said Rencher until a few days before claimant filed the proceedings in this case to reclaim such goods, and that, upon ascertaining such facts, claimant rescinded the contract between claimant and said Rencher on the ground of such failure; that the total amount of purchases by Rencher from claimant amounted to $681.87, of which $252.92 had been paid, and that at the time of the rescission of sale Rencher was indebted to claimant on account of said purcases in the sum of $428.95; that when said goods were purchased from claimant by defendant they were placed within the building aforesaid, and remained there until after the levy thereon under plaintiff's attachment for rent; that upon the rescission of such contract the goods were delivered by Rencher to claimant, and were packed by claimant, but were in said building at the time of the attachment by plaintiff; that the goods were sold by claimant to defendant in the usual course of business, and those remaining unsold, and which were delivered to claimant under the claim bond filed in this cause, exceeded in value the amount of plaintiff's claim for rent, including attorney's fee and costs of court; that in the.event of a judgment by the court for plaintiff such judgment shall be in the sum of $133.33, besides all costs of court incident to the attachment for rent and the claim suit, without assessing the value of said goods or any article thereof.

JOHN E. MITCHELL, for appellant.    BESTOR & YOUNG, for appellee.

PELHAM, P. J.—The case was tried on the evidence contained in an agreed statement of facts, which is set out in the bill of exceptions, from which it appears that the defendant in the original suit, one Rencher, had purchased from the appellant, the claimant in the trial court, certain goods, which were levied on by the appellee, the plaintiff below, under a landlord's attach-

ment for rent; that the goods were purchased on credit without any reservation of title in the seller; that at the time of the sale Rencher was in failing circumstances and had no reasonable expectation of being able to pay for the goods, and failed to disclose his financial condition to the seller, the appellant; that the appellant was entirely ignorant of Rencher's condition, and "was induced to make the sale, owing to the aforesaid failure of the said Rencher to disclose his true financial condition"; that appellant did not ascertain the true financial condition of Rencher until just a few days before filing proceedings asserting its claim to the goods, but promptly upon ascertaining the facts the appellant had rescinded the contract of sale between Rencher and itself upon the ground of such failure of Rencher to disclose his said financial condition. The agreed statement of facts further showed that the goods sold by the appellant to Rencher were placed in the rented building where Rencher was conducting a retail drug store, and such of the goods as had not been disposed of by him, and were levied on, remained in the store until repossessed by the appellant under its claim bond, Rencher having defaulted in the payment of rent due appellee for the store, and judgment by default having been rendered against him; that, upon rescission by the appellant of the contract of purchase between it and Rencher, the goods were delivered by Rencher to the appellant, who packed them, but did not remove them from the store until after they were attached by the appellee for rent due by the defendant, Rencher. It is shown that the rescission was made prior to the levy of the attachment.

(1) Under the agreed statement of facts the appellant had a clear right of rescission as between itself and Rencher (*Maxwell v. Brown Shoe Co.*, 114 Ala. 309, 21 South. 1009; *Pelham v. Chattahoochee Co.*, 146 Ala. 216-220, 41 South. 12, 8 L. R. A. [N. S.] 448, 119 Am. St. Rep. 19; Id., 156 Ala. 500-508, 47 South. 172), which it had exercised prior to the assertion by the appellee of his claim by the levy of his attachment.

(2) The rescission by appellant against Rencher was good as against any other person not a bona fide purchaser from Rencher without notice.—*Wollner & Lowenstein v. Lehman, Durr & Co.*, 85 Ala. 274, 4 South. 643. Appellee was not a bona fide purchaser without notice; he was the plaintiff in attachment seeking by the levy to fasten a landlord's lien on the goods, and "a plaintiff in attachment levied does not thereby become a pur-

chaser (*Wollner v. Lehman,* 85 Ala. 274, 4 South. 643), and can assert no claim as such" (*Barney Bank v. Pinckard, et al.,* 87 Ala. 577-582, 6 South. 364). To constitute the creditor a bona fide purchaser, he must have given up something of value so as materially to change his position.—*Hawkins v. Dawson, et al.,* 182 Ala. 86, 62 South. 15.

(3) Appellee being in no sense a purchaser whose title the appellant is estopped to deny as an innocent subpurchaser, but a lien-holder—a creditor with an inchoate lien—he acquired no better right as against appellant's right of rescission, by levy of his attachment, than he had prior to the levy.—*Wollner v. Lehman, supra.* In other words, the appellee's lien was not made paramount to the appellant's right of rescission by an issuance of the attachment and levy of the writ. The appellant's right of rescission antedated the inception of appellee's lien; it existed from the time the sale was made. The appellee's lien as landlord attached only to the goods belonging to the tenant (Rencher), and, Rencher's title being subject to rescission on account of the fraud practiced in acquiring them, the appellee acquired no absolute right to a lien on the goods that was not subject to appellant's prior right of rescission unless the appellant was estopped to assert its right against the appellee's lien, and under the facts set out in the agreed statement no principle of estoppel is involved. The appellant having a clear right under the agreed statement of facts to rescind, and having rescinded the sale, the rescission was good as against any one not a bona fide purchaser for value without notice; and, the appellee not being a purchaser, but merely a creditor with a lien not superior to appellant's right of rescission, the court was in error in rendering judgment in favor of appellee, and should have rendered judgment for the appellant on the agreed statement of facts before it.

(4) The appellee is in no position to question the appellant's right of rescission, and that, in fact, a rescission was actually effected, when the statement of facts agreed by the parties, and upon which the case was tried, states in positive terms that, as a matter of fact, the sale between appellant and Rencher was rescinded, and the appellant put in possession of the goods remaining unsold by Rencher. The agreement between the parties that a rescission was had carries with it all the necessary preliminary requisites upon which to base the action and all acts necessary to

that end; and the appellee cannot now·be heard here on review in denial of his agreement, upon which the court below tried the case, that there was, in fact, a rescission effected between these parties. When a submission is on an agreed statement of facts, the parties are estopped to deny the truth, competency, or sufficiency of any admission made.—38 Cyc. 1934b. Moreover, the agreed statement of facts shows all the necessary elements of fraud existing at the time of the sale authorizing a rescission under the decisions of this state.—*Maxwell v. Brown Shoe Co.*, *supra; Pelham v. Chattahoochee Co.* (two cases), *supra.*

(5) There is no merit in the contention that the bill of exceptions does not purport to set out all the evidence. The trial was had on an agreed statement of facts, and the trial court had no authority to receive additional evidence.—*Wilcox v. San Jose Co.*, 113 Ala. 519, 21 South. 376, 59 Am. St. Rep. 135. It is not to be presumed that the court erroneously admitted evidence that it had no authority to admit. The bill of exceptions states that the cause was tried on the agreed statement of facts set out in the bill of excepions, and it is sufficient if the bill states that the case was tried on the evidence set out.—*Baker v. Graves*, 101 Ala. 247, 13 South. 275.

(6, 7) The decision or conclusion reached on an agreed statement of facts is made upon the facts actually stated without drawing inferences of fact, except those necessarily drawn as a matter of law. The statement of facts itself is equivalent to a special verdict, and the proper judgment thereon is a mere conclusion of law.—38 Cyc. 1934, 1935. The agreed· statement contained no disputed facts. The facts were all agreed upon and set out in the statement. They were equivalent to a special verdict, and there was no conclusion to be reached by the court on the facts. It had only to arrive at a conclusion of law on the agreed facts. The only exception necessary to reserve to properly present the question for review was ·an exception to the conclusion of law reached by the court, evidenced by the judgment in the case. Such an exception is shown by the record to have been duly and regularly reserved to the judgment of the court on the agreed statement of facts, and the authorities cited by appellee holding that the bill of exceptions must show the conclusions and judgments of the lower court, and an exception reserved to both to authorize a review here, are not applicable and have no room for operation where, as here, there is no conclusion

to be drawn by the lower court other than a conclusion of law, or the judgment rendered on the agreed facts.

In accordance with our holding, the judgment of the lower court in favor of the appellee (plaintiff) is reserved, and a judgment here entered in favor of the appellant (claimant).

Reversed and rendered.