(110 So. 63)

## GURLEY v. HENDERSON NAT. BANK et al.
(8 Div. 439.)

(Court of Appeals of Alabama. Oct. 26, 1926.)

### 1. Landlord and tenant ⬦254(½).

Landlord's statutory lien on tenant's crop continues until crop passes into possession of purchaser without notice.

### 2. Landlord and tenant ⬦252(5).

Count of complaint failing to allege purchaser's notice of landlord's lien on crop is demurrable.

### 3. Landlord and tenant ⬦252(5).

Count of complaint alleging lease of land by plaintiff and tenant's delivery of cotton crop on which plaintiff had lien to defendants, who sold it to persons without notice of lien, held demurrable for failure to allege notice to defendants of lien.

### 4. Landlord and tenant ⬦252(2).

Evidence that bank president, who purchased cotton of tenant, knew tenant owned certain land held admissible as affecting question of notice of landlord's lien, in action against bank which cashed check and received part of proceeds.

### 5. Landlord and tenant ⬦252(2).

Where bank cashed check of its president, purchaser of tenant's cotton, evidence as to what was done with proceeds of cotton, used in part to pay note due bank, was admissible as affecting question of bank's notice of landlord's lien.

### 6. Exceptions, bill of ⬦6.

Under Code 1923, § 9502, judgment otherwise properly in record need not be set out in extenso in bill of exceptions.

### 7. Appeal and error ⬦931(1).

Appellate court will indulge every reasonable presumption in favor of conclusions of trial court on disputed facts.

### 8. Landlord and tenant ⬦252(3).

Bank which discharged tenant's note parted with a valuable consideration as respects its liability to landlord claiming lien on cotton sold.

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

Action by A. H. Gurley against the Henderson National Bank and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Count 1, for damages for destruction of a lien, alleges that plaintiff rented land to one Norman for a stipulated rental, evidenced by promissory note; that Norman entered upon the land, cultivated it, and raised two bales of cotton, upon which plaintiff had a lien for rent; that Norman removed the cotton from the land, without paying the rent or any part of it, and delivered same to defendants, who received, sold, and disposed of same to persons unknown to plaintiff and who had no notice of plaintiff's lien; whereby plaintiff's said lien was lost and destroyed, etc. Count 2 is for money had and received; count 3, an account.

S. H. Richardson, of Huntsville, for appellant.

It was error to sustain demurrer to count 1. Lomax v. Le Grand, 60 Ala. 537. The bank parted with nothing of value, and was not protested as a bona fide purchaser for value. Hawkins v. Damson & Abraham, 182 Ala. 83, 62 So. 15; Miller v. Johnson, 189 Ala. 354, 66 So. 486; Parker-Blake Co. v. Ladd, 14 Ala. App. 407, 70 So. 188; Scott v. Renfro, 106 Ala. 611, 14 So. 556; Bush v. Willis, 130 Ala. 395, 30 So. 443; Manasses v. Dent, 89 Ala. 565, 8 So. 108; 8 C. J. 1146; 5 Cyc. 719.

Watts & White, of Huntsville, for appellees.

Count 1 was defective in failing to aver notice to defendants of plaintiff's lien. Wilson v. Stewart, 69 Ala. 302; Scaife & Co. v. Stovall, 67 Ala. 237; Worthington v. Long, 9 Ala. App. 617, 64 So. 174; Foxworth v. Brown, 120 Ala. 59, 24 So. 1; Lomax v. Le Grand, 60 Ala. 537. The tenant may make sale to bona fide purchasers without notice. Wilson v. Stewart, 69 Ala. 302. If defendant disposes of cotton without knowledge of lien, or possession of facts putting him on inquiry, such disposition is not wrongful. Norton v. Orendorff, 191 Ala. 508, 67 So. 683.

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Defendant, receiving the cotton from the tenant without notice of lien, and crediting tenant with value of cotton on pre-existing mortgage debt, is bona fide purchaser for value. Foxworth v. Brown, supra.

SAMFORD, J. [1-3] The landlord's statutory lien on the tenant's crop continues until the crop passes into the possession of a purchaser without notice. A count in a complaint which fails to allege notice on the part of the purchaser of such crops is demurrable. Lomax v. Le Grand, 60 Ala. 537; Wilson v. Stewart, 69 Ala. 302. The demurrer to the first count of the complaint was properly sustained.

[4, 5] The defendant was denying notice or facts from which notice could be implied. All the circumstances surrounding the transaction were being inquired into. The good faith of the purchase was being assailed. It was therefore proper to permit the president of defendant bank, who bought the cotton, to testify that he knew that the seller owned land in Madison county as tending to allay any inquiry which otherwise might have arisen as to where the cotton was raised. It was also relevant, as a part of the transaction, to show by defendant's vice president what was done with the money (the proceeds of the cotton).

[6] The court sitting without a jury rendered judgment for defendant. The judgment is properly in the record and the exception in the bill of exceptions. It is not necessary to set out the judgment in extenso in the bill of exceptions. Code 1923, § 9502.

[7, 8] The judge trying this case in the court below passed upon all disputed facts and found them in favor of the defendant. It is a familiar rule that this court will indulge every reasonable presumption in favor of these conclusions. Doing this, it appears that, admitting the lien of plaintiff, in the first instance, the defendant Murphree individually purchased the cotton without notice, giving therefor his personal check, the tenant deposited this check with defendant bank, taking credit therefor, and immediately drew check in favor of the bank for $201.60 and delivered it to the bank in payment of a note then due the defendant bank by the tenant. This money or check was received by the bank in extinguishment of the note, without notice of plaintiff's lien. The tenant then drew a check payable to cash and drew from the bank the amount remaining to his credit after payment of the note. The check given the bank was marked so as to indicate payment of note, and the officers of the bank testified that the payment was so given and accepted. This issue also was, of necessity, found in favor of defendant. The defendant bank therefore parted with the title and right to the note which it held and discharged the tenant paying the money, from all liability under it, without notice of plaintiff's lien. This is a very different case from that of Hawkins v. Damson et al., 182 Ala. 83, 62 So. 15. There the defendant merely passed the price of the cotton to the credit of the tenant upon an account, and, upon the failure of the tenant's title or right to sell, the defendant's account remained unsatisfied and the credit would be canceled. Here the defendant bank parted with the title to the note of the tenant and, while retaining the physical possession, no rights under the note remained in the defendant bank. This was a valuable consideration, within the meaning of the law. It is conceded by appellant in his excellent brief that, if the law is as is stated in Foxworth v. Brown, 120 Ala. 59, 24 So. 1, then the court committed no error. The contention is that in Hawkins v. Damson et al., 182 Ala. 83, 62 So. 15, a different rule is stated. As to this, we have tried to point out the distinction between the two cases, which, as we see it, do not conflict.

The trial court weighed the evidence according to the correct rules of law, as announced by him in rendering the decision in this case, and we find no legal reason to disturb his finding and judgment.

Let the judgment be affirmed.

Affirmed.