ADAMS, Justice.
This appeal by Dale Werhan, defendant below, seeks a reversal of an adverse judgment entered against him by the trial court. Plaintiff, Pinellas Seafood Company, brought an action in detinue against Wer-han and others in the Circuit Court of Mobile County. Plaintiff dismissed his action against the others and the case proceeded to trial with Werhan as the sole defendant. The case was heard ore tenus and a judgment awarding the proceeds from the sale of the disputed shrimp was given to the plaintiff.
The pertinent facts involved on this appeal are as follows. Plaintiff, a seafood processor, sold $110,554.10 worth of shrimp to J. & J. Seafood in two transactions. These transactions occurred on September 29 and 30, 1979. J. & J. Seafood paid plaintiff with two checks. On October 3, 1979, J. & J. Seafood delivered 16,100 pounds of the disputed shrimp to the defendant, a buyer and seller of seafood. The defendant testified at trial that he ordered the shrimp from J. & J. about two days prior to the delivery. Defendant, at the time, had a credit in his account with J. & J. of approximately $70,000.00. Werhan paid for the shrimp by having the bill, in the amount of $51,505.00, applied against his credit balance with J. & J. The money in the defendant’s account was advanced to J. & J. during the period of March 30, 1977, through August 1, 1977. Werhan advanced the money in order that J. & J. could purchase shrimp for him. After delivery of the shrimp to Werhan, J. & J.’s checks to the plaintiff were dishonored due to insufficient funds. J. & J. subsequently filed *571 bankruptcy. The federal bankruptcy judge vacated the stay normally imposed upon proceedings involving the assets of one filing for bankruptcy, in order that the instant case could be adjudicated in circuit court. By agreement of the parties, the disputed shrimp were sold for approximately $42,500.00, and the net proceeds from that sale have been held in escrow pending the outcome of this litigation.
This appeal presents two issues for our review. The first is whether one who purchases goods paid for by partial satisfaction of a pre-existing debt is a purchaser for value entitled to protection as a good faith purchaser for value under Code 1975, § 7-2-403. The second is whether the defendant, at trial, established superior title to the disputed shrimp in himself, after the plaintiff proved a prima facie case in its detinue action. We hold that the defendant was a purchaser for value as required by Code 1975, § 7-2-403, and that he established at trial that he had superior title to the disputed shrimp. Code 1975, § 7-2-403(1), provides that:
A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though:
(a) The transferor was deceived as to the identity of the purchaser, or
(b) The delivery was in exchange for a check which is later dishonored, or
(c) It was agreed that the transaction was to be a “cash sale,” or
(d) The delivery was procured through fraud punishable as larcenous under the criminal law.
The protection given to a good faith purchaser for value of goods under § 2-403 of the Uniform Commercial Code has been noted by the United States Court of Appeals for the Eighth Circuit:
Section 2 — 403 gives a transferor power to pass good title to certain transferees even though the transferor does not possess good title. This section contemplates the situation in which a cash seller delivers goods to a buyer who pays by a draft that is subsequently dishonored, and then transfers title to a good faith purchaser. U.C.C. §§ 2 — 403(l)(b) & (c). In such a situation, as between the good faith purchaser and the unpaid seller, the former’s claim is clearly superior.
Burk v. Emmick, 637 F.2d 1172, 1174 (8th Cir. 1980). Whether the defendant is entitled to the protection provided under that section of the U.C.C is determined by whether he paid “value” for the shrimp within the context of our § 7-2-403. If he did not, and consequently cannot come within the purview of § 7-2-403 defendant would not have a superior claim to the proceeds from the sale of the disputed shrimp.
Plaintiff contends, citing previous decisions of this court, that the defendant’s purchase of the shrimp was a transfer in partial payment of a pre-existing debt and, thus, not for value. Prior to the Uniform Commercial Code, the various jurisdictions were split on the issue of whether a pre-ex-isting debt was good consideration for a chattel purchase. A majority of jurisdictions, in most situations, held that it was not. In Annot., 11 A.L.R.3d 1028, 1030 (1967), dealing mainly with pre-U.C.C. cases, it was remarked that
[a] substantial number of courts take the contrary view, holding that a purchaser who takes a chattel in partial or full satisfaction of a pre-existing debt is a purchaser for value, and protected against those with prior equitable claims in the chattel. The Alabama courts are not in entire accord with either of the foregoing views, but hold rather that the purchaser is protected if he has absolutely and in fact canceled the debt so that he can no longer recover it, but may be liable to the prior claimant if he merely “credited” the debtor’s account so that the debt may be restored in full upon *572 failure of title to the chattel. [Footnotes omitted.]
Our position was expressed by Justice Anderson in Hawkins v. Damson & Abraham, 182 Ala. 83, 62 So. 15-16 (1913), wherein he stated:
Merely entering a credit on an account past due, without surrendering anything valuable, would not constitute the creditor a bona fide purchaser. He must give ■ up something of value, so as to materially change his position, such as a surrender of the evidence of indebtedness, or prior security. If he simply credits the debt- or’s account with the value of the thing purchased, and gives up nothing, and his title should fail in case the debtor had no right to sell to him, and the superior title or lien upon the thing sold deprived the creditor of same, his debt would remain unsatisfied. — First Nat. Bank v. Nelson, 105 Ala. 180, 16 So. 707; Spira v. Hornthall, 77 Ala. 137.
The above principle was noted also in the earlier cases of Loeb & Bros. v. Flash & Bros., 65 Ala. 526 (1880), and Loeb & Bros. v. Peters & Bros., 63 Ala. 243 (1879).
Subsequent to the above-cited decisions, and in more recent times, Alabama adopted the Uniform Commercial Code, which provides a different definition of value that specifically includes the “total or partial satisfaction of a preexisting claim.” Code 1975, § 7-l-201(44)(b). It is clear from the face of the language used in this sub-section that it was the intention of the legislature to raise the partial satisfaction of a pre-existing debt to the status of value in this type of transaction. Other jurisdictions have held that § l-201(44)(b) gives the status of value to the partial satisfaction of a pre-existing debt. First-Citizens Bank and Trust Co. v. Academic Archives, 10 N.C.App. 619, 179 S.E.2d 850 (1971), cert. denied, 278 N.C. 703, 181 S.E.2d 601 (1971); Sherburne Corp. v. Carter, 133 Vt. 411, 340 A.2d 82 (1975).
Thus, we hold that the legislature, by adopting § 7-l-201(44)(b), intended to include the partial satisfaction of a pre-exist-ing debt or claim within the definition of value. Hawkins v. Damson & Abraham, supra, and all cases in line with it, to the extent they hold that partial satisfaction of a pre-existing debt or claim is not value within the context of a chattel sale under the U.C.C., are overruled.
We next consider plaintiff's argument that the defendant failed to meet its burden to prove a superior interest in the disputed shrimp. Plaintiff cites the case of Griffith & Warren v. Biggers, 206 Ala. 563, 90 So. 795 (1921), which held that after a plaintiff, in a detinue action, makes out a prima facie case, the burden then shifts to the defendant to show a superior claim or title to the disputed property. Plaintiff contends that the defendant failed to show any interest in the shrimp that were the subject matter of the instant litigation. We have reviewed the record and find plaintiff’s contention to be without merit. Factually, it is clear from the record that the defendant purchased the same shrimp from J. & J. that Pinellas sold to J. & J. It is clear, as a matter of law, that the defendant was a good faith purchaser for value within the context of § 7-2-403(1), and that his claim to the shrimp is superior to that of the plaintiff.
Accordingly, the judgment of the trial court is reversed and the case remanded with directions for judgment to be entered for the defendant for $42,500.00 plus costs.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C. J., and FAULKNER, AL-MON and EMBRY, JJ., concur.